858 A.2d 16

LINDA D'ALOIA, PLAINTIFF–APPELLANT, v. SANDRA M. GEOR-GES, DEFENDANT/THIRD–PARTY PLAINTIFF–RESPONDENT, v. CYRIL LEVY, THIRD–PARTY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued September 14, 2004—Decided October 12, 2004.

Before Judges STERN, WECKER and S.L. REISNER.

*Joel I. Rachmiel* argued the cause for appellant.

*John M. Kearney* argued the cause for respondent (*Sellar Richardson,* attorneys; *Mr. Kearney,* of counsel and on the brief; *Jill Roth,* on the brief).

The opinion of the court was delivered by

S.L. REISNER, J.A.D.

This case presents the issue whether the Automobile Insurance Cost Reduction Act of 1998 (AICRA), *L.* 1998, *c.* 21, permits lawsuits to recover uncompensated medical expenses in the form of PIP copayments and deductibles.[1] Adhering to the holding in

---

[1] Personal injury protection (PIP) benefits are payable without regard to fault; however, *N.J.S.A.* 39:6A–4.3 permits insureds to elect PIP deductibles and copayments in their automobile insurance policies.

*Roig v. Kelsey*, 135 *N.J.* 500, 641 *A.*2d 248 (1994), we hold that it does not.

## I

Plaintiff Linda D'Aloia filed a lawsuit as the result of a September 1, 2001 accident in which her car was struck from the rear by a vehicle driven by defendant Sandra Georges. D'Aloia received treatment for soft tissue injuries. As her brief acknowledges, she had been involved in four prior motor vehicle accidents in which she claimed to have suffered similar soft tissue injuries. On Georges's motion, D'Aloia's claim for non-economic damages was dismissed without opposition, as she could not prove that her asserted physical injuries were caused by the 2001 accident as opposed to one of her four prior accidents. *See Polk v. Daconceicao*, 268 *N.J.Super.* 568, 634 *A.*2d 135 (App.Div.1993). Over D'Aloia's opposition, the trial court, citing *Roig v. Kelsey, supra*, also granted summary judgment dismissing her claim for reimbursement of PIP copayments and deductibles.

In this appeal, D'Aloia contends that AICRA legislatively overruled *Roig* by specifically providing, in *N.J.S.A.* 39:6A–2k, that economic loss includes uncompensated expenses including medical expenses. Defendant Georges contends that since AICRA did not repeal *N.J.S.A.* 39:6A–12, which makes PIP deductibles and copayments inadmissible in evidence, the Legislature did not intend to overrule *Roig*.

## II

In *Roig v. Kelsey, supra*, as in this case, an injured plaintiff sued to recover his PIP deductible and copayment under the No–Fault Act, the predecessor to AICRA. As in this case, the Court was called upon to construe *N.J.S.A.* 39:6A–12. The first paragraph of this section specifically provides that in a lawsuit to recover damages for injuries caused by an automobile accident, evidence of amounts paid for PIP deductibles and copayments is not admissible in evidence, while the third paragraph provides

more generally that the injured party can recover "uncompensated economic loss" from the tortfeasor. After exhaustively reviewing the legislative history of the No–Fault Act, the Court concluded that the Legislature intended to prohibit lawsuits to recover PIP deductibles and copayments:

> [F]rom the inception of the no-fault statutory scheme, the Legislature intended to eliminate minor personal-injury-automobile-negligence cases from the court system. Kelsey's interpretation of section 12 would completely defeat that purpose and would produce congestion in the court system once again with minor personal-injury claims, which here total $538.80.
>
> [*Roig, supra,* 135 *N.J.* at 510–11, 641 *A.*2d 248.]

Despite the language in section 12 which in general terms permitted the right to sue for uncompensated economic loss, the Court concluded that suits for PIP deductibles and copayments were prohibited.

> We are convinced that the Legislature did not intend that the insured could sue the tortfeasor for the minor amounts of unpaid deductibles and copayments. Our conclusion is reinforced by Judge Learned Hand's classic admonition that "[t]here is no surer way to misread any document than to read it literally." [citation omitted] ... We cannot lose sight of the overwhelming goals of reducing court congestion and lowering the cost of automobile insurance. We are satisfied that the Legislature never intended to leave the door open for fault-based suits when enacting the No–Fault Law. If we adopted Kelsey's reading of the statute, courts would again feel the weight of a new generation of congestion-causing suits, and automobile-insurance premiums would again rise. If the Legislature disagrees with our interpretation of its intent, it is, of course, empowered to enact clarifying legislation.
>
> [*Id.* at 515–16, 641 *A.*2d 248.]

D'Aloia contends that, in enacting AICRA, the Legislature took up the Court's invitation and overruled *Roig.*

### III

We begin our analysis by considering the section of the statute upon which the *Roig* decision turned. The first paragraph of section 12 provides that in any "civil action for recovery of damages for bodily injury" by a person injured in an automobile accident, evidence of deductibles and copayments is inadmissible. This exclusionary provision makes no distinction between plaintiffs

bound by the verbal threshold, *N.J.S.A.* 39:6A–8a, and those not bound by the threshold:

> Except as may be required in an action brought pursuant to [*N.J.S.A.* 39:6A–9.1], *evidence of the amounts collectible or paid under a standard automobile insurance policy* pursuant to [*N.J.S.A.* 39:6A–4 and *N.J.S.A.* 39:6A–10], amounts collectible or paid for medical expense benefits under a basic automobile insurance policy pursuant to [*N.J.S.A.* 39:6A–3.1] and amounts collectible or paid for benefits under a special automobile insurance policy pursuant to section 45 of P.L.2003, c. 89(C.)(now before the Legislature as this bill), to an injured person, *including the amounts of any deductibles, copayments or exclusions,* including exclusions pursuant to subsection d. of [*N.J.S.A.* 39:6A–4.3], otherwise compensated *is inadmissible in a civil action for recovery of damages for bodily injury by such injured person.*
>
> [*N.J.S.A.* 39:6A–12(emphasis added).]

The second paragraph of section 12 prohibits the jury from considering or speculating about the amount of PIP or health insurance benefits paid to the accident victim. The third paragraph provides that the plaintiff may recover "uncompensated economic loss" from the tortfeasor:

> Nothing in this section shall be construed to limit the right of recovery, against the tortfeasor, of uncompensated economic loss sustained by the injured party.
>
> [*Id.*]

AICRA left unchanged the provision of section 12 upon which the *Roig* Court based its opinion. However, the Legislature did amend the definition section of the statute, *N.J.S.A.* 39:6A–2k, to specifically include "medical expenses" in the definition of "economic loss:"

> "Economic loss" means uncompensated loss of income or property, or other uncompensated expenses, *including, but not limited to, medical expenses.*
>
> [*N.J.S.A.* 39:6A–2k (emphasis added).]

Reading sections 12 and section 2k in *pari materia, State in the Interest of G.C.,* 179 *N.J.* 475, 481–82, 846 *A.*2d 1222 (2004), we conclude that section 2k makes clear that "economic loss," which section 12 permits an accident victim to recover from the tortfeasor, includes uncompensated medical expenses. However, the AICRA amendments left unchanged the specific limitation in the first paragraph of section 12 which provides that the amounts of PIP deductibles and copayments are not admissible in automobile

accident lawsuits. If they are not admissible in evidence, it logically follows that they are not recoverable.

In *Roig,* the Supreme Court invited the Legislature to amend the statute if it disagreed with the Court's holding. 135 *N.J.* at 516, 641 *A.*2d 248. We would expect that, if the amendment to section 2k were intended as the Legislative response to *Roig,* it would have specifically referenced PIP copayments and deductibles. We would also expect that section 12 would have been amended to eliminate the provision that makes those expenses inadmissible in evidence. The Legislature did not make either of those changes.

In enacting AICRA, the Legislature also left intact a provision in *N.J.S.A.* 39:6A–4(e)(2), that prohibits an insurer or health provider from filing an action, under subrogation principles, to recoup "benefits paid pursuant to any deductible or copayment under this section." Similar language appears in *N.J.S.A.* 39:6A–4.3; AICRA did not modify that provision either. Thus, we conclude that the Legislature wanted to preclude both accident victims and their insurers from pursuing legal actions to recover PIP deductibles and copayments.

As we have previously recognized, AICRA reflects the Legislature's intent to decrease rather than increase the filing of auto accident lawsuits. "[T]he entire thrust behind the passage of AICRA was to reduce the number of litigated claims and, thus, to bring stability to automobile insurance premiums." *James v. Torres,* 354 *N.J.Super.* 586, 594, 808 *A.*2d 873 (App.Div.2002); *See also Rios v. Szivos,* 354 *N.J.Super.* 578, 584, 808 *A.*2d 868 (App. Div.2002). Permitting lawsuits to recover PIP copayments and deductibles would be contrary to that legislative goal.

Considering the "internal sense" of the AICRA statute, we construe its words in a manner that best accords with the legislative intent. *Roig, supra,* 135 *N.J.* at 515–16, 641 *A.*2d 248; *Carpenter Tech. Corp. v. Admiral Ins. Co.,* 172 *N.J.* 504, 512–13, 800 *A.*2d 54 (2002). We are persuaded that, with respect to the recovery of PIP copayments and deductibles, neither the purpose

252

nor the essential wording of the statute has changed.[2]   Whether a plaintiff is covered by the verbal threshold or the "no threshold" option, *N.J.S.A.* 39:6A–12 continues to bar lawsuits to recover PIP copayments and deductibles.   We therefore affirm the dismissal of D'Aloia's complaint.

_____

[2] Although the Supreme Court has not addressed this issue since *Roig,* the Court continues to cite *Roig,* post-AICRA, and has continued to approve restrictions on the right to sue.   *See Caviglia v. Royal Tours of Am.,* 178 *N.J.* 460, 466–67, 842 *A.*2d 125 (2004).