864 A.2d 1155 (2005)
374 N.J. Super. 387
Howard MARTIN, Plaintiff-Appellant,
v.
Niraj CHHABRA, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted November 30, 2004.
Decided January 21, 2005.
*1156 Colligan & Colligan, attorneys for appellant (Edward M. Colligan, on the brief).
Kramkowski, Fabricant & Bressler, attorneys for respondent (Kathy A. Kennedy, of counsel and on the brief).
Before Judges KESTIN, LEFELT and FALCONE.
The opinion of the court was delivered by
LEFELT, J.A.D.
Thirty-six-year-old plaintiff Howard Martin was involved in a motor vehicle accident with defendant Niraj Chhabra. Plaintiff owned and registered the automobile that was involved in the accident, but plaintiff's girlfriend insured the car, with plaintiff listed in the insurance policy as only one of the car's drivers. Plaintiff filed suit, seeking damages for his personal injuries, and now appeals from the trial court's summary judgment dismissing plaintiff's economic and noneconomic claims under the verbal threshold. Plaintiff argues that he is not subject to his girlfriend's selection of the verbal threshold; even if he is subject to the threshold, he presented sufficient objective credible medical evidence of permanent injury and serious impact to satisfy the threshold; and the judge erred by dismissing his economic damage claims. We reject all of plaintiff's arguments, except we agree that his economic claims should not have been dismissed.
At the time of the accident, plaintiff was driving a 1991 Honda Accord owned by him and registered under his name. Allstate New Jersey Insurance Company insured the Honda, but the policy was issued to plaintiff's girlfriend, Carla Lewis, at a Jersey City address. The declaration page of the policy states that "[t]he `lawsuit threshold' option applies to your policy." It also lists the 1991 Honda as the only covered vehicle and "Carla" and "Howard" as the "driver(s)" of the covered vehicle, with only Carla listed as the "named insured(s)."
Plaintiff received personal injury protection (PIP) benefits from Allstate as an occupant of the Honda. He claims to have been insured only by virtue of his girlfriend's insurance policy and to not be covered for liability, PIP, or uninsured motorist protection when not in the insured vehicle. The record does not include any certification by plaintiff's girlfriend elaborating on who paid the premiums for the *1157 policy or why she insured a vehicle that she did not own.
Plaintiff denied living with his girlfriend in Jersey City, though he admitted to her house being "like a part of my home." However, plaintiff also asserted during his deposition that he lived with his sister in Irvington, and his driver's license indicates an Irvington address. Moreover, plaintiff claims to have a wife and three children in Jamaica.
On these facts, plaintiff argues the motion judge erred when she found that "plaintiff, as a named driver of the Allstate policy, is subject to all of the coverage afforded under it, including the verbal threshold option." We tend to agree with plaintiff on this preliminary point that the method chosen by the judge to apply the verbal threshold to plaintiff was ill founded.
N.J.S.A. 39:6A-8.1a provides, in pertinent part, that "[t]he tort option elected shall apply to the named insured and any immediate family member residing in the named insured's household. `Immediate family member' means the spouse of the named insured and any child of the named insured or spouse residing in the named insured's household, who is not a named insured under another automobile insurance policy." Therefore, plaintiff was neither the named insured nor an immediate family member of the named insured. See Ibarra v. Vetrano, 302 N.J.Super. 578, 581, 695 A.2d 757 (App.Div.1997). The fact that the named insured, plaintiff's girlfriend, selected the verbal threshold cannot, under N.J.S.A. 39:6A-8.1, bind plaintiff.
However, without knowing precisely why plaintiff had his girlfriend insure his car, he is still subject to the verbal threshold based upon the uncontested facts present in this appeal. Plaintiff, as the owner of a vehicle "registered or principally garaged in this State," was compulsorily required to "maintain automobile liability insurance coverage," including medical expense benefits. N.J.S.A. 39:6A-3; N.J.S.A. 39:6A-3.1, 3.2 and 4; see Beaugard v. Johnson, 281 N.J.Super. 162, 168, 656 A.2d 1282 (App.Div.1995); Chalef v. Ryerson, 277 N.J.Super. 22, 26, 648 A.2d 1139 (App.Div.1994) (holding that because an out-of-state insured vehicle was principally garaged in New Jersey, the owner must maintain PIP coverage).
As the owner of the vehicle, plaintiff did not maintain medical expense benefits or any other insurance coverage for the automobile. Instead, he relied upon his girlfriend to insure and maintain the proper insurance coverages on the vehicle. Indeed, if the vehicle had been uninsured at the time of his accident, plaintiff would have been totally precluded from pressing any "cause of action for recovery of economic or noneconomic loss." N.J.S.A. 39:6A-4.5.
But, the vehicle in which plaintiff allegedly suffered his economic and noneconomic loss was not uninsured at the time of the accident. Luckily for plaintiff, his girlfriend had maintained insurance on the vehicle. Nevertheless, because plaintiff as the owner did not maintain medical expense coverage, N.J.S.A. 39:6A-8 applies the verbal threshold to him.
N.J.S.A. 39:6A-8 provides, in pertinent part, that the verbal threshold "shall also apply to any person subject to section 14 of P.L.1985, c. 520 (C.39:6A-4.5)...." The public law section referenced in N.J.S.A. 39:6A-8 provided in 1985 that persons failing to maintain medical expense benefits coverage were subject to the verbal threshold in "an action for recovery of noneconomic loss." Although the Legislature in 1997 amended N.J.S.A. 39:6A-4.5 to its present form, which precludes all actions by unlawfully uninsured drivers of an uninsured vehicle whether *1158 based on economic or noneconomic loss, L. 1997, c. 151, the 1985 Public Law reference in N.J.S.A. 39:6A-8, applying the verbal threshold to persons subject to the 1985 version of N.J.S.A. 39:6A-4.5, remained unchanged despite the 1997 amendment and all subsequent amendments to the No Fault Law, N.J.S.A. 39:6A-1 to -35. "[T]he provisions introduced by [an] amendatory act should be read together with the provisions of the original section that were ... left unchanged, in the amendatory act, as if they had been originally enacted as one section." In addition, "[e]ffect is to be given to each part, and they are to be interpreted so that they do not conflict." Norman J. Singer, Sutherland Statutes and Statutory Construction § 22.34 at 297 (5th ed.1993) (citations omitted).
Craig & Pomeroy, New Jersey Auto Insurance Law § 1:2-10 at 16 (2005), recognizing that N.J.S.A. 39:6A-8 remains unchanged, noted that the Legislature must have "intended that the verbal threshold remain applicable to an unlawfully uninsured party who is injured in an accident not arising from his or her operation of an uninsured vehicle (e.g., when an unlawfully uninsured person borrows a properly insured vehicle or is a passenger in one)." Because plaintiff failed to maintain medical benefits coverage on his vehicle, and he has revealed no facts that would make his girlfriend his agent for this purpose,[1] under N.J.S.A. 39:6A-8, the verbal threshold applied to his accident.
For this reason, rather than the one chosen by the trial judge, we conclude that the judge correctly applied the verbal threshold to plaintiff. We therefore proceed to analyze the appeal under the verbal threshold requirements.
As the trial judge correctly found, plaintiff submitted sufficient objective, credible evidence of permanent injury. Oswin v. Shaw, 129 N.J. 290, 318-19, 609 A.2d 415 (1992). Plaintiff's evidence demonstrated a "central herniation of the L5-S1 disc" and a "L4-5 disc bulge." One of plaintiff's experts opined that these injuries were "permanent in nature" and will result in "acute, serious flare-ups of these conditions in the future." Another expert opined that these conditions have "not healed to function normally and will not heal to function normally with further medical treatment." N.J.S.A. 39:6A-8a. Consequently, plaintiff has satisfied the first prong of the Oswin test.
Contrary to the arguments plaintiff advances, however, the second prong of the Oswin test, involving serious impact, remains part of plaintiff's burden, James v. Torres, 354 N.J.Super. 586, 596, 808 A.2d 873 (App.Div.2002), certif. denied, 175 N.J. 547, 816 A.2d 1049 (2003), at least until the Supreme Court rules on the issue.[2] Unlike Villanueva v. Lesack, 366 N.J.Super. 564, 565, 841 A.2d 954 (App.Div.2004), which involved a displaced fracture, this case involves plaintiff's contention that a herniated disc constitutes a "permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement," N.J.S.A. 39:6A-8a. Villanueva held that plaintiff did not have to prove that the fracture had a "serious impact on the plaintiff and her life," because "a displaced fracture falls within one of AICRA's [Automobile Insurance Cost *1159 Reduction Act] categories of self-defined injuries." Ibid. (citations omitted).
The trial judge concluded that plaintiff failed to satisfy the second prong, despite the fact that plaintiff claimed limitations on his work life and also his recreational and social activities. The judge stated that "[t]he evidence of the impact the plaintiff's injuries have had on his personal and occupational life does not rise to the level required by the Verbal Threshold Statute[] and applicable case law." The evidence supports the judge's findings.
Plaintiff can still perform his job duties, albeit with some pain. In fact, he returned to work and admitted at deposition that no doctor advised him that he could not work a second job. As the judge noted, "plaintiff has not provided any evidence that he is unable to return to his regular routine activities and has been deprived of the physical ability to continue to engage in social or recreational activities that have been a significant and important component of his way of life." As the judge further recognized, although "plaintiff may have difficulty when lifting things, moving furniture, running, standing and having sex, he is still able to perform these activities, albeit with some pain. However, experiencing some pain while engaging in certain activities does not constitute a significant impact on one's personal life, especially where the plaintiff is still able to engage in virtually all of the activities he or she engaged in prior to the accident, such as the plaintiff in the present case." See James, supra, 354 N.J.Super. at 596-97, 808 A.2d 873; Rogozinski v. Turs, 351 N.J.Super. 536, 557, 799 A.2d 41 (Law Div.2002).
Accordingly, we conclude that the judge correctly dismissed plaintiff's noneconomic claims for failure to cross the threshold. However, persons who fail to surmount the verbal threshold are precluded from recovering only noneconomic losses, such as "pain, suffering and inconvenience." N.J.S.A. 39:6A-2i; N.J.S.A. 39:6A-8a. Plaintiffs failing to surmount the threshold may recover unreimbursed income losses "to the extent that the income loss is otherwise uncompensated by income continuation benefits or otherwise." See N.J.S.A. 39:6A-12; Bennett v. Hand, 284 N.J.Super. 43, 45, 663 A.2d 130 (App.Div.1995). Economic loss "means uncompensated loss of income or property, or other uncompensated expenses...." N.J.S.A. 39:6A-2k. Even evidence of prospective income loss based on a career choice that was denied plaintiff because of the injury was sufficient to defeat summary judgment as to "economic damages." Loftus-Smith v. Henry, 286 N.J.Super. 477, 489, 669 A.2d 852 (App.Div.1996).
In this case, plaintiff submitted evidence in opposition to defendant's summary judgment motion tending to establish that he has suffered a loss of past and future earnings. The evidence submitted was sufficient to defeat defendant's summary judgment motion. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995).
Plaintiff's complaint did not specifically seek economic damages. In fact, the very brief one page one count complaint essentially charged that defendant's "careless, reckless and negligent" vehicle operation and maintenance caused plaintiff to sustain "severe personal injuries" and demanded "judgment against the defendant." Nevertheless, to the extent that plaintiff has economic loss claims against defendant, these may not be dismissed for failure to surmount the verbal threshold.
We affirm application of the verbal threshold to plaintiff and the dismissal of plaintiff's noneconomic damage claims based on plaintiff's failure to cross the verbal threshold. We reverse the dismissal of plaintiff's economic damage claims *1160 and remand for further proceedings on those claims.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] If plaintiff's girlfriend had been his agent, he might not have been subject to Section 14 of P.L.1985, c. 520, but may nevertheless have been subject to the verbal threshold by virtue of his agent's choice. See Tannenbaum & Milask, Inc. v. Mazzola, 309 N.J.Super. 88, 94, 706 A.2d 780 (App.Div.1998).
[2] The issue is pending before the Supreme Court by virtue of Judge Weissbard's dissent in the unpublished DiProspero v. Penn, No. A-3162-02T1, 2004 WL 439350, at *3 (App.Div. Jan. 30, 2004).