883 A.2d 424 (2005)
380 N.J. Super. 574
Todd MISKELLY, Plaintiff-Appellant,
v.
Richard L. LORENCE, Jr., Defendant-Respondent, and
John J. Lyons, John Doe 1-5, and ABC Company, 1-5, Defendants.
Superior Court of New Jersey, Appellate Division.
Submitted September 14, 2005.
Decided October 13, 2005.
Jacob & Chiarello, attorneys for appellant (Joseph M. Chiarello, of counsel and on the brief).
Parker, McCay & Criscuolo, Cherry Hill, attorneys for respondent (Stacy L. Moore, Jr., on the brief).
Before Judges STERN, FALL and LEVY.
The opinion of the court was delivered by
STERN, P.J.A.D.
Plaintiff appeals from an "order of judgment," entered on June 17, 2004, based upon a jury verdict of "no cause for action" after a four day trial.[1] The jury found that plaintiff did not sustain a "permanent injury" as required to obtain recovery under the "[l]imitation on lawsuit option" *425 (frequently called the "verbal threshold"), pursuant to the Automobile Insurance Cost Reduction Act of 1998 (AICRA), N.J.S.A. 39:6A-8. As a result, plaintiff was precluded from recovering both noneconomic losses and future lost wages.
Plaintiff argues on appeal that the threshold embodied in N.J.S.A. 39:6A-8a does not require a plaintiff to prove permanent injury in order to recover for economic damages. He alleges "that as a result of his injury, he suffered future economic damages since he is unable to perform at his pre-injury neuropsychological level" and argues "that it was not necessary to prove a permanent injury or substantial impact [on his life] in order to recover future economic damages."
Liability was not contested at trial. Plaintiff testified that after the accident he had problems with his "concentration, memory [and] lack of focus." Dr. Carl Edward Bradford, a neuro-psychologist, testified that plaintiff suffered from a "brain injury" and "would not be successful" in graduate school, which he had planned to attend before the accident. Dr. Bradford further testified that plaintiff's difficulties with concentration and memory, and his cognitive problems, were neuropsychological impairments caused by the motor vehicle accident.
Dr. Robert Wolfe, a vocational and rehabilitation economist, testified based on Dr. Bradford's diagnosis of "neuropsychological and cognitive impairments" and "brain injury" that plaintiff's "future employment opportunities would be limited." Dr. Wolfe also referred to the reports of other doctors relating to "injury-related emotional impairments," "physical limitations," and "neurological deficits," and concluded that plaintiff's "injury-related impairments... would negatively impact on academic and vocational functioning, which would have a further negative impact on earning capacity." According to Dr. Wolfe, plaintiff's "current expected earnings post-accident" were only $518,153 during his "lifetime," as opposed to $1,433,310 projected for an individual with an undergraduate degree. Thus, plaintiff's "net damage" was $915,157 for the "net difference" over his "work lifetime."
At the charge conference, the trial judge noted that the claim of future wage losses had to be premised on a finding by the jury of a permanent injury as testified to by Dr. Bradford, and ruled that he would not submit that issue to the jury in the absence of a finding of a permanent injury. According to the judge:
I believe that common sense dictates that for the jury to award anything for a brain injury that affects what this young man's going to make for the rest of his life, particularly when the expert says he's relying on medical information that says there's a permanent injury, requires before the jury can award any damages that there be a permanent injury.
....
If there is not permanent injury then clearly there is not pain and suffering loss, that we are all in agreement with. But the same sort of logic dictates that you can't give someone hundreds of thousands of dollars, $1.2 or whatever to compensate them for economic loss in the future that's all premised on Dr. Wolfe's acceptance that there's a permanent injury. I mean, it's just illogical. If I'm wrong then so be it, but it's just so illogical that it's wrong.
In charging the jury, the judge included the following:
Dr. Wolfe discussed the present value of the plaintiff's future earning loss including projections as to future interest including its tax, consequences and inflation *426 rates. You may consider some, all or none of the opinions of the expert in determining in a fair figure to compensate plaintiff for his future lost earnings. The expert has also given you his bottom line figure as to plaintiff's future lost earnings. As I told you previously, you need not give any of these bottom line figures automatic acceptance. You are free to determine, based on all of the evidence including the expert testimony you chose to accept, what amount of dollars will fairly compensate plaintiff for his or her future lost earnings. Or in this case, his.
The judge then charged on the proofs required to satisfy the verbal threshold with respect to "permanency" and "that the injury has had a serious impact on [plaintiff's] life," and added:
Question Two says, "Has the injury or injuries sustained by the plaintiff, Todd Miskelly, caused a serious impact upon his life such that he [is] no longer able to attend to his regular routine activities and is deprived of his physical ability to engage in [] social or recreational activities which had been previously been important to him?" So, as to this question, you  and this is with  with the non-economic claim, the claim for pain and suffering and loss of enjoyment of life, you determine whether or not ... that injury or injuries has caused a serious impact upon his life. You answer that question, yes or no. If you have answered Questions One and Two ... you proceed to question Three, "Has the plaintiff, Todd Miskelly, sustained a future wage loss as a result of his involvement within the motor vehicle accident occurring on May 8, 1999?" There is no serious impact requirement in this question. It is simply a requirement that you have already ruled that there was a permanent injury to answer this question.

[Emphasis added.]
In its verdict sheet, the jury found that plaintiff did not "sustain[] a permanent injury or injuries as a result of his involvement within the motor vehicle accident occurring on May 8, 1999." As a result, it did not answer the interrogatories concerning whether the accident had a "serious impact" on plaintiff's life, whether he "sustained a future wage loss as a result" of the accident, and the amount of compensation appropriate "for his pain, suffering, disability and impairment, and loss of enjoyment of life due to his injuries," and "for his future lost wages."
The question before us is whether plaintiff had to prove a "permanent injury" in this context, in order to recover for future lost wages. He asserts that because future lost wages are economic damages, he need not prove "permanency" or satisfy the threshold, as required with respect to a claim of "noneconomic loss." A noneconomic loss is defined as "pain, suffering and inconvenience." N.J.S.A. 39:6A-2i. For this type of claim, the plaintiff must satisfy the verbal threshold to prevail. N.J.S.A. 39:6A-8a. This means that plaintiff must prove that his injury meets one of the six statutorily designated categories of injury, one of which is a "permanent injury." N.J.S.A. 39:6A-8a. The threshold need not generally be satisfied to recover for an "economic loss," which is defined as "uncompensated loss of income or property, or other uncompensated expenses, including, but not limited to, medical expenses." N.J.S.A. 39:6A-2k.
We have held that plaintiffs need not satisfy the threshold to recover for economic loss. See, e.g., Martin v. Chhabra, 374 N.J.Super. 387, 394-95, 864 A.2d 1155 (App.Div.2005); D'Aloia v. Georges, 372 N.J.Super. 246, 858 A.2d 16 (App.Div. 2004). In Martin we stated:

*427 [P]ersons who fail to surmount the verbal threshold are precluded from recovering only noneconomic losses, such as "pain, suffering and inconvenience." N.J.S.A. 39:6A-2i; N.J.S.A. 39:6A-8a. Plaintiffs failing to surmount the threshold may recover unreimbursed income losses "to the extent that the income loss is otherwise uncompensated by income continuation benefits or otherwise." See N.J.S.A. 39:6A-12; Bennett v. Hand, 284 N.J.Super. 43, 45 663 A.2d 130 (App. Div.1995). Economic loss "means uncompensated loss of income or property, or other uncompensated expenses ...." N.J.S.A. 39:6A-2k. Even evidence of prospective income loss based on a career choice that was denied plaintiff because of the injury was sufficient to defeat summary judgment as to "economic damages." Loftus-Smith v. Henry, 286 N.J.Super. 477, 489, 669 A.2d 852 (App.Div.1996).
[Martin v. Chhabra, supra, 374 N.J.Super. at 394-95, 864 A.2d 1155.]
See also N.J.S.A. 39:6A-12, which specifically states that evidence regarding collections of personal injury protection (PIP) benefits is inadmissible with respect to noneconomic loss, but that "[n]othing in this section shall be construed to limit the right of recovery, against the tortfeasor, of uncompensated economic loss sustained by the injured party."
Future economic loss must depend upon an injury which affects plaintiff's ability to earn income in the future. Hence, where the claim is based on a permanent injury within the meaning of N.J.S.A. 39:6A-8a, there must be a "permanent injury" to sustain recovery beyond wages lost during a reasonable period of recuperation and recovery. N.J.S.A. 39:6A-8a defines a "permanent" injury to be one in which "the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." Wages may be lost by virtue of an accident that may not result in a "permanent injury," and plaintiff may recover for same irrespective of "permanency."
In this case, however, plaintiff alleged that his future wages would be lost throughout his "work lifetime." As the trial judge noted, such a claim is necessarily based on a "permanent injury."[2] As a result, the finding of no permanent injury precludes the finding of the long-term loss of future earnings attributable to the accident in this case.
As already noted, the trial judge concluded that without a permanent injury, there could be no damages or recovery of future lost wages, and that, in any event, plaintiff's claims of traumatic brain injury, or a cognitive condition which would affect his ability to study, concentrate and work, had to result, if at all, from a "permanent injury." Thus, the trial judge thought that both the "permanent injury" and "substantial impact" prongs of the threshold had to be satisfied to collect future wages. Of course, the "second prong" no longer exists and did not have to be found, DiProspero v. Penn, 183 N.J. 477, 874 A.2d 1039 (2005); Serrano v. Serrano, 183 N.J. 508, 874 A.2d 1058 (2005), but the jury never considered that issue, and its presentation cannot be said to have prejudiced the jury's consideration of the issue concerning a "permanent injury."
Plaintiff contends that the relevant statutory complex, N.J.S.A. 39:6A-8 and -12, and case law requires us to reverse the *428 judgment because the threshold applies only to noneconomic losses and that he did not have to satisfy the threshold to recover for future lost wages. However, we agree with the trial judge that the long-term wages sought in this case were premised on a "permanent" brain injury and his future income could not have been diminished without a permanent injury.[3] Accordingly, we affirm the judgment.
NOTES
[1] The trial occurred following our June 8, 2003 reversal of the dismissal of plaintiff's complaint for failure to file a timely certificate of permanency. See N.J.S.A. 39:6A-8a.
[2] Plaintiff did not seek recovery for any actual economic losses. See also N.J.S.A. 39:6A-4b (regarding income continuation benefits).
[3] We recognize that this case only applies to the particular claim before us and only with a type 6 injury where a "permanent injury" must be found. See Rios v. Szivos, 354 N.J.Super. 578, 808 A.2d 868 (App.Div.2002). We also recognize that in some cases future lost wages may be deemed appropriate for a period of time even though the injury is not deemed to be "permanent" within the meaning of N.J.S.A. 39:6A-8a.