**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0980-17T3

JEFFREY E. SCHOLES,

     Plaintiff-Appellant,

v.

STEPHEN M. HAUSMANN,

     Defendant-Respondent,

and

KIMBERLY A. LOGAN,

     Defendant.

_____

Argued October 2, 2018 – Decided October 16, 2018

Before Judges Fisher, Geiger and Firko.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0137-16.

Michael J. Maggiano argued the cause for appellant (Maggiano, Digirolamo & Lizzi, PC, attorneys; Michael J. Maggiano, of counsel and on the briefs; Jeffrey M. Zajac, on the briefs).

Patricia W. Holden argued the cause for respondent (Cipriani & Werner, PC, attorneys; Matthew K. Mitchell, of counsel; Patricia W. Holden, on the brief).

Gina M. Stanziale argued the cause for amicus curiae Insurance Council of New Jersey (Methfessel & Werbel, attorneys; Gina M. Stanziale, of counsel and on the brief; Alicia C. Langone, on the brief).

John V. Mallon argued the cause for amicus curiae New Jersey Defense Association (Chasan, Lamparello, Mallon & Cappuzzo, PC, attorneys; John V. Mallon and Ryan J. Gaffney, on the brief).

PER CURIAM

Plaintiff appeals from an order granting summary judgment to defendant Stephen M. Hausmann ("defendant") and dismissing the complaint based on the court's finding that plaintiff was uninsured within the meaning of N.J.S.A. 39:A-4.5(a)[1], and thereby barred from recovering damages for economic and non-economic losses. We affirm.

I.

We consider the undisputed facts from the record and view them and all reasonable inferences in the light most favorable to plaintiff. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). On October 23, 2014, plaintiff

---

[1] Plaintiff has not appealed the order granting summary judgment to defendant Kimberly A. Logan on the issue of agency liability, and she is not participating in this appeal.

A-0980-17T3

and defendant were involved in an automobile accident in South Orange and plaintiff suffered injuries. The vehicle he was driving was titled and registered in his name using a friend's address in Florida, despite plaintiff living and working in New Jersey for approximately five years. He failed to obtain a New Jersey driver's license or to register his vehicle in New Jersey. Plaintiff acknowledges that his vehicle was principally garaged in New Jersey. The judge found that plaintiff "provided false information to the State of Florida as to his residency." At his deposition, plaintiff testified he continued to maintain his "Florida automobile insurance because . . . Florida insurance was less expensive than New Jersey insurance."

As a result of his injuries, plaintiff applied for personal injury protection ("PIP") benefits through his Florida Geico automobile insurance policy. The Florida policy was not approved by the New Jersey Commissioner of Banking and Insurance, and it only provided $10,000 per person in medical benefits coverage.

Defendant moved for summary judgment, arguing N.J.S.A. 39:6A-4.5(a) barred plaintiff's claims because the Commissioner did not approve his insurance policy and therefore, he was uninsured under the statute. Based upon plaintiff's misrepresentations, defendant also argued that insurance fraud was

committed pursuant to N.J.S.A. 2C:21-54.6, which was enacted to prevent reverse rate evasion. Plaintiff countered that N.J.S.A. 39:6A-4.5(a) violates procedural due process because it provides no notice of the prohibited conduct and does not distinguish between New Jersey and out-of-state insurance. We disagree.

## II.

Every owner of an automobile principally garaged in New Jersey must maintain automobile liability insurance coverage under provisions approved by the Commissioner, including mandatory medical expense benefits coverage of $15,000 per person. N.J.S.A. 39:6A-3, -3.1, -3.3; see also Caviglia v. Royal Tours of Am., 178 N.J. 460, 466 (2004) (stating that "[a]ll owners of motor vehicles registered or principally garaged in New Jersey are required to maintain minimum amounts of standard, basic, or special liability insurance coverage for bodily injury, death, and property damage caused by their vehicles"); Martin v. Chhabra, 374 N.J. Super. 387, 391 (App. Div. 2005) (stating "that because an out-of-state insured vehicle was principally garaged in New Jersey, the owner must maintain PIP coverage") (citing Chalef v. Ryerson, 277 N.J. Super. 22, 26 (App. Div. 1994)).

N.J.S.A. 39:6A-4.5(a) provides:

A-0980-17T3

Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage mandated by section 4 of P.L. 1972, c. 70 (C.39:6A-4), section 4 of P.L. 1998, c. 21 (C.39:6A-3.1) or section 45 of P.L. 2003, c. 89 (C.39:6A-3.3) shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.

The Legislature adopted N.J.S.A. 39:6A-4.5 in 1997 to limit the ability of persons injured in motor vehicle accidents to sue persons responsible for their injuries. Craig & Pomeroy, New Jersey Auto Insurance Law § 15:1 (2018). "N.J.S.A. 39:6A-4.5(a) advances a policy of cost containment by ensuring that an injured, uninsured driver does not draw on the pool of accident-victim insurance funds to which he did not contribute." Caviglia, 178 N.J. at 471. The 1997 legislation limits a plaintiff's ability to sue when he or she has not complied with the compulsory insurance law and "gives the uninsured driver a very powerful incentive to comply with the compulsory insurance laws: obtain automobile liability insurance coverage or lose the right to maintain a suit for both economic and [non-economic] injuries." Ibid.

In order to find that plaintiff was required to maintain New Jersey medical expense benefits coverage, it must be established that his vehicle was principally garaged in New Jersey. To determine where an automobile is principally

A-0980-17T3

garaged, the pivotal factor is where the vehicle "is primarily or chiefly kept" or "kept most of the time[,]" not where the owner intends to reside. Chalef, 277 N.J. Super. at 27 (citations omitted).

Since plaintiff primarily garaged his vehicle in New Jersey, he was required to maintain automobile liability insurance coverage under provisions approved by the Commissioner, including mandatory medical expense benefits coverage of $15,000 per person. As noted by the judge, "the Deemer Statute[2] cannot save the [p]laintiff's failure to obtain an insurance policy approved by the State of New Jersey." Plaintiff had a Florida insurance policy that the Commissioner did not approve, and the policy did not provide medical expense benefits coverage of $15,000 per person. Consequently, N.J.S.A. 39:6A-4.5(a) bars plaintiff's cause of action for recovery of economic and non-economic damages sustained as a result of the accident.

We find no ambiguity in the statute that would offend plaintiff's procedural due process rights. As recognized by the motion judge, implicit in the goal of the statute is that New Jersey residents, and those who principally garage their automobile in this state, are required to maintain automobile insurance coverage approved by the Commissioner of Banking and Insurance.

---

[2] N.J.S.A. 17:28-1.4.

A-0980-17T3

To the extent we have not addressed plaintiff's remaining arguments, we find them without sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0980-17T3