**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0646-20

JUAN GUITERREZ-GANAN,

    Plaintiff-Appellant,

v.

ALLSTATE INSURANCE
COMPANY,

    Defendant-Respondent.

_____

Submitted October 6, 2021 – Decided April 1, 2022

Before Judges Fuentes, Gilson, and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0311-19.

Lipari Law Firm, PC, attorneys for appellant (Christopher A. Brown, on the briefs).

Raymond F. Danielewicz, attorney for respondent.

PER CURIAM

    In 2016, plaintiff Juan Guiterrez-Ganan was injured in an automobile accident when his car was struck by a car driven by an underinsured motorist.

Plaintiff sued his insurance company, defendant Allstate Insurance Company (defendant or Allstate), seeking to obtain underinsured motorist benefits for his injuries and losses.

Plaintiff appeals from an order granting summary judgment to Allstate and dismissing his claims. We hold that plaintiff's claims are barred by N.J.S.A. 39:6A-4.5, which precludes a person from recovering economic or non-economic losses if that person fails to maintain insurance coverage for medical expense benefits. Accordingly, we affirm.

I.

The material facts are not in dispute. On April 29, 2016, plaintiff's car was rear-ended while he was operating his vehicle near an intersection in Atlantic City. The driver of the other car was intoxicated and underinsured.[1] As a result of the accident, plaintiff suffered personal injuries.

Several years before 2016, plaintiff had lived in Georgia. While in Georgia, he purchased a 2010 Audi Q5, registered the car in Georgia, and obtained insurance coverage in Georgia from Allstate. In 2016 and for at least

---

[1] In his complaint, plaintiff alleges that the other driver was "underinsured." In his briefs, plaintiff contends that the driver was "uninsured." Whether the other driver was uninsured or underinsured is not material to the question presented to us on this appeal.

A-0646-20

two years before, plaintiff lived and garaged his car in New Jersey. Nevertheless, in 2016, plaintiff continued to register his car in Georgia and continued to purchase a Georgia-issued automobile insurance policy from Allstate. In his renewal application submitted in December 2015, for insurance coverage from January 2016 to July 2016, plaintiff listed his address at a street in "Savannah, Georgia." At that time, plaintiff had a New Jersey driver's license listing his address in "Galloway, New Jersey." Plaintiff's 2016 policy from Allstate did not include automobile medical payments or personal injury protection (PIP).

Plaintiff acknowledges that at the time of the accident in April 2016, he was a resident of New Jersey and had maintained and garaged his car in New Jersey for at least a year and a half before the accident. Indeed, discovery shows that plaintiff was using a New Jersey address as early as 2012.

Following the accident, Allstate paid $15,015.48 for medical expenses incurred by plaintiff, but refused to pay additional monies. In February 2019, plaintiff sued Allstate seeking underinsured motorist benefits. After the completion of discovery, Allstate moved for summary judgment. The trial court granted that motion in an order entered on September 25, 2020. Initially, the trial court explained the reasons for its decision on the record but, after plaintiff

3

appealed, the court amplified its reasons in a written opinion as permitted by Rule 2:5-1(b).

The trial court found that plaintiff's Georgia insurance policy did not contain medical expense coverage required under New Jersey law. The trial court, therefore, held that plaintiff's claims against Allstate were barred under N.J.S.A. 39:6A-4.5(a). In that decision, the trial court rejected plaintiff's argument that N.J.S.A. 17:28-1.4, the "Deemer Statute," effectively meant he had maintained the minimum coverage required under New Jersey law. N.J.S.A. 17:28-4.1 is known as the Deemer Statute because it "'deems' New Jersey insurance coverage and tort limitations to apply to out-of-state policies" when the insurance carrier issuing the out-of-state policy transacts business in New Jersey. Zabilowicz v. Kelsey, 200 N.J. 507, 510 n.2 (2009). Plaintiff appeals from the summary judgment order dismissing his claims.

## II.

On appeal, plaintiff argues that the trial court erred because he had an insurance policy and through the Deemer Statute he had medical expense coverage. He, therefore, argues that his claims for personal injuries are not barred by N.J.S.A. 39:6A-4.5(a). We reject plaintiff's argument as inconsistent with the plain language of the statutory bar.

A-0646-20

An appellate court reviews "the trial court's grant of summary judgment de novo." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). Moreover, when we apply law to undisputed facts, we engage in a plenary review. State v. Stoveken, 464 N.J. Super. 86, 97 (App. Div. 2020).

The issue on this appeal involves the interpretation of N.J.S.A. 39:6A-4.5 as applied to the undisputed material facts. When discerning the meaning of a statute, the court's "duty is 'to construe and apply the statute as enacted.'" Daidone v. Buterick Bulkheading, 191 N.J. 557, 565 (2007) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). When a court construes a statute "[t]o interpret [its] meaning and scope . . . [the court] look[s] for the Legislature's intent." State v. McCray, 243 N.J. 196, 208 (2020). "[T]he statute's plain language" is "typically the best indicator of intent." In re T.B., 236 N.J. 262, 274 (2019). "If the language admits of only one clear interpretation, the interpretative task can come to an end and we enforce that meaning." Felix v. Richards, 241 N.J. 169, 179 (2020).

Every owner of an automobile principally garaged in New Jersey must maintain minimum liability insurance coverage, including no-fault PIP coverage of $15,000 per person. N.J.S.A. 39:6A-3, -3.1, -3.3; see also N.J.S.A. 39:6A-4

5

("[E]very standard automobile liability insurance policy . . . shall contain personal injury protection benefits . . . ."); Martin v. Chhabra, 374 N.J. Super. 387, 391 (App. Div. 2005) (stating "because an out-of-state insured vehicle was principally garaged in New Jersey, the owner must maintain PIP coverage" (citing Chalef v. Ryerson, 277 N.J. Super. 22, 26 (App. Div. 1994))). To determine whether an automobile is principally garaged in New Jersey, the key consideration is where the vehicle "is primarily or chiefly kept" or "kept most of the time." Chalef, 277 N.J. Super. at 27. Moreover, any driver moving to New Jersey must obtain a New Jersey driver's license and register his or her car within sixty days of becoming a resident. N.J.S.A. 39:3-17.1(a), (b).

In 1997, the Legislature amended N.J.S.A. 39:6A-4.5 to limit the ability of persons injured in motor vehicle accidents to sue persons responsible for their injuries. Aronberg v. Tolbert, 207 N.J. 587, 601 (2011). The statute provides that

> [a]ny person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage . . . shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.
>
> [N.J.S.A. 39:6A-4.5(a) (citations omitted).]

A-0646-20

That statutory provision "advances a policy of cost containment by ensuring that an injured, uninsured driver does not draw on the pool of accident-victim insurance funds to which he [or she] did not contribute." Caviglia v. Royal Tours of Am., 178 N.J. 460, 471 (2004). The statute "gives the uninsured driver a very powerful incentive to comply with the compulsory insurance laws: obtain automobile liability insurance coverage or lose the right to maintain a suit for both economic and [non-economic] injuries." Ibid.

Under New Jersey law, plaintiff was required but failed to maintain medical expense benefits coverage. Indeed, that coverage was available to him in his Georgia policy, but he elected not to pay for it. Accordingly, applying the plain language of N.J.S.A. 39:6A-4.5(a), plaintiff is barred from seeking recovery of economic or non-economic losses.

Plaintiff argues that the bar of N.J.S.A. 39:6A-4.5(a) does not apply to him because he was not operating an uninsured automobile at the time of the accident. He focuses on the term "uninsured automobile" and the implications of the Deemer Statute. Under the Deemer Statute, an automobile insurance company that sells insurance both in New Jersey and in other jurisdictions is deemed to have provided the minimum PIP coverage required by New Jersey law. See N.J.S.A. 17:28-1.4. The statute's general purpose "is to ensure that

New Jersey residents injured as a result of an accident with an out-of-state vehicle will have recourse to policies of insurance that are at least as broad as the presumptive minimal limits of a New Jersey insurance policy." Felix, 241 N.J. at 173. The Deemer Statute "requires insurers authorized to transact automobile insurance business in New Jersey to provide coverage to out-of-state residents consistent with New Jersey law 'whenever the automobile or motor vehicle insured under the policy is used or operated in this State.'" Zabilowicz, 200 N.J. at 513 (quoting N.J.S.A. 17:28-1.4).

Plaintiff argues that, by virtue of this Deemer Statute, his policy included PIP benefits; therefore, he was not uninsured. Allstate gave plaintiff the benefit of the Deemer Statute and paid his medical expenses up to $15,000. We need not decide whether that payment was required under the Deemer Statute. Even if the Deemer Statute did apply, plaintiff's suit is still barred by N.J.S.A. 39:6A-4.5(a) because he failed to maintain PIP benefits as required by New Jersey law. Under N.J.S.A. 39:6A-4.5(a), plaintiff was operating an automobile that was required to have PIP coverage but did not. We interpret the phrase "while operating an uninsured automobile" to mean while operating an automobile that did not have the required PIP coverage. Accordingly, plaintiff was barred from

suing Allstate for underinsured or uninsured benefits seeking economic and non-economic losses stemming from the April 2016 automobile accident.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0646-20