889 A.2d 1099 (2006)
382 N.J. Super. 489
Cristina PARDO, Plaintiff, and
Claudia Capilla, Plaintiff-Appellant,
v.
Omar DOMINGUEZ and Antonio Dominguez, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 2005.
Decided January 27, 2006.
Richard LaBarbiera argued the cause for appellant Claudia Capilla (LaBarbiera, Jones & Martinez, attorneys; Mr. LaBarbiera, on the brief).
Rachel A. Long argued the cause for respondents Omar Dominguez and Antonio Dominguez (Kramkowski, Lynes, Fabricant & Bressler, attorneys; Ms. Long, of counsel and on the brief).
Before Judges STERN, PARKER and LIHOTZ.
*1100 The opinion of the court was delivered by
STERN, P.J.A.D.
Plaintiff, Claudia Capilla, appeals from an order entered on February 16, 2005, dismissing her complaint for failure to satisfy the "limitation on lawsuit option" (frequently called the "verbal threshold"), under the Automobile Insurance Cost Reduction Act (AICRA), N.J.S.A. 39:6A-8a. A similar summary judgment motion was denied as to plaintiff Cristina Pardo, and that matter was subsequently settled.[1]
Plaintiff argues that she satisfied the threshold because "a herniated disc diagnosed through the use of an MRI, a bulging disc diagnosed through the use of MRI, and TMJ displacement diagnosed through MRI are all credible objective medical evidence of a permanent injury"[2] and because she "has illustrated the significant impact on her life that is causally related to her injuries." Because DiProspero v. Penn, 183 N.J. 477, 874 A.2d 1039 (2005), decided after summary judgment was entered, held that there is no "serious life impact" prong of the threshold, the only issue before us relates to whether the record reveals objective medical evidence of a permanent injury and plaintiff's contention that "the trial judge improperly took judicial notice by finding that a herniated disc must also correlate with a positive EMG test at the same level in order for a permanent injury within a reasonable degree of medical probability to exist."
There is no dispute that an MRI of plaintiff's lumbar spine reveals a "[h]erniated disc at L1-L2 central and to the right extending to the right neural foramina," and that an MRI of plaintiff's cervical spine reveals a "bulge of the disc at C6-C7." In granting summary judgment dismissing the complaint as to Capilla, the motion judge stated:
Alright. I have reviewed the motion papers, the medical records and the deposition transcripts that have been attached as well as counsel's argument.
While I appreciate counsel for the plaintiff's argument about cracking the door, I think you need to do a little bit more than that and in this situation, unlike [Cristina] Pardo where I find that the treatment, the findings and the injury and the surgery tie in directly with her limitations, I do not find in this situation that there is objective credible evidence of a serious permanent injury.
Even assuming that there were[,] in reviewing the lifestyle impact and reviewing the deposition transcripts once again, the blanket assertion as to limitations on sexual activities, it's not the same as [Cristina] Pardo. Hers is more direct and more resulting from the actual surgical procedure and I don't believe that even if I'm wrong on the objective permanent serious injury, I don't believe there's a significant enough lifestyle impact for Claudia Capilla considering all the other activities that she's still able to do.
The summary judgment must be reversed because the motion judge gave no reasons for his conclusion that there was no "objective credible evidence of a serious permanent injury," despite the claims of plaintiff which include the reference to the MRIs. See R. 1:7-4(a). However, the parties seem to agree that the following colloduring *1101 argument of the motion embodied the judge's reasoning:
THE COURT: [T]he herniated disk was found on an MRI at L-1 L-2. Was there any additional testing that shows any limitations or symptoms as a result of that herniated disk?
[PLAINTIFF'S COUNSEL]: Judge, I believe in this case, if I'm not mistaken, I may be confusing the two. There was a positive EMG as well that
THE COURT: Let me just check because I 
[PLAINTIFF'S COUNSEL]:  adds further evidence or at least adds further issues of fact for this court to consider in this motion.
THE COURT: See the EMG testing shows radiculopathy of the cervical area. I didn't see anything in the lumbar area. That's what my concern was. I didn't see anything that would attribute objective signs or symptomatology from the herniation in the lumbar area.[3]
We reject the suggestion that a judge's comment or question in a colloquy can provide the reasoning for an opinion which requires findings of fact and conclusions of law, and the granting of a motion for summary judgment requires such findings. See R. 1:7-4(a) (providing that "[t]he court shall by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon. . . on every motion decided by a written order that is appealable as of right. . ."). See also Vartenissian v. Food Haulers, Inc., 193 N.J.Super. 603, 611-12, 475 A.2d 626 (App.Div.1984).
We also conclude that the finding of the herniated disc satisfies the threshold. Certainly, by definition, "[a]n injury shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." N.J.S.A. 39:6A-8a. While there is merit to defendants' contention that plaintiff's life has not been adversely impacted, and therefore that she functions normally, there is no expert report suggesting the disc is functioning normally or, in any event, that her herniated disc can "heal" to so function.[4]
Moreover, in Moreno v. Greenfield, 272 N.J.Super. 456, 462-63, 640 A.2d 335 (App. Div.1994), we reversed the grant of summary judgment dismissing a complaint and held that "the objective evidence of injury [was] clear" since the doctor "observed spasms in the [plaintiff's] cervical musculature and the thoraco/lumbosacral area over a two-year period" and, "more important[ly]," there was a "documented L5-S1 herniated disc and the attendant problems suffered by plaintiff." See also Bennett v. Lugo, 368 N.J.Super. 466, 477, 847 A.2d 14 (App.Div.), certif. denied, 180 N.J. 457, 852 *1102 A.2d 193 (2004) (stating that "if a jury finds that plaintiff's disc herniation has been caused by the current accident, the jury can likewise reasonably find that the injury is serious and permanent" (citing Serrano v. Serrano, 367 N.J.Super. 450, 459, 843 A.2d 358 (App.Div.2004), rev'd o.g., 183 N.J. 508, 874 A.2d 1058 (2005)). Similarly, in Martin v. Chhabra, 374 N.J.Super. 387, 393, 864 A.2d 1155 (App. Div.2005), we also held that the trial court correctly determined that the verbal threshold's permanency requirement was satisfied since the "plaintiff submitted sufficient objective, credible evidence of permanent injury" by demonstrating the existence of a "central herniation of the L5-S1 disc" and a "L4-5 disc bulge."[5]
We conclude that the existence of a herniated disc was sufficient to satisfy the verbal threshold.[6] We therefore need not address whether a disc bulge would have the same effect. To the extent defendants assert that there must be a Electromyogram and Nerve Conduction Study to confirm related nerve impingement, we reject the contention for purposes of summary judgment, and adhere to the conclusion in Moreno v. Greenfield, supra, 272 N.J.Super. at 466, 640 A.2d 335, that proof of nerve impingement is not required.
The grant of summary judgment is reversed, and the matter is remanded for further proceedings.
NOTES
[1] Capilla was a passenger in the vehicle being driven by Ms. Pardo at the time of the accident with a vehicle being operated by defendant Omar Dominguez.
[2] Plaintiff asserts she satisfied the threshold by suffering "a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." N.J.S.A. 39:6A-8a.
[3] Electromyogram and nerve conduction studies reflected the presence of a left C5-C7 and right L5-S1 "polyradiculopathy with acute and subacute features." Although there is no correlation between these studies and the MRI finding at L1-L2, we deal only with a motion for summary judgment and have never required "nerve impingement" to corroborate an MRI. Moreno v. Greenfield, 272 N.J.Super. 456, 466, 640 A.2d 335 (App.Div. 1994). Moreover, while defendants repeat that there was no objective medical evidence of a permanent injury, they do not develop this argument before us.
[4] In the report of Dr. Gino S. Ramundo, the chiropractor who provided the certification required by N.J.S.A. 39:6A-8a, it is stated:

Due to structural weakening of the spinal column, traumatically induced, [Capilla] can still anticipate future recurrences of the pain in the cervical and lumbar regions, from time to time. They will be especially prevalent at times of stress, fatigue, or emotional upset. There is little anyone can do to prevent this. Within a certain degree of medical probability this patient has suffered from a partial permanent disability that is causally related to this accident.
[5] Martin, nevertheless, upheld the trial court's summary judgment dismissal of the plaintiff's claim for noneconomic damages, finding that the court correctly determined that the serious life impact prong of the verbal threshold was not satisfied. Martin, supra, at 394, 864 A.2d 1155. As previously noted, the Supreme Court subsequently eliminated that prong from the verbal threshold in DiProspero, supra.
[6] There may be cases in which a doctor may report that the herniation has or may shrink within a relatively short period of time following an accident, see mayoclinic.com/health/herniated disk, and may, in any event, present a fact issue. We need not consider that possibility in this case because there was no medical evidence or suggestion of shrinkage.