960 A.2d 765 (2008)
404 N.J. Super. 82
David A. AMES, Plaintiff-Respondent,
v.
Dama GOPAL, Defendant-Appellant.
DOCKET NO. A-2522-07T1.
Superior Court of New Jersey, Appellate Division.
Submitted October 21, 2008.
Decided December 9, 2008.
*766 Mauro, Savo, Camerino & Grant, Somerville, for appellant (Thomas F. Chansky, on the brief).
Frank A. Blandino, for respondent (Patricia A. Carragher, Morristown, on the brief).
Before Judges WEFING, YANNOTTI and LeWINN.
The opinion of the court was delivered by
WEFING, P.J.A.D.
The jury returned a verdict in plaintiff's favor for $250,000 as damages for injuries plaintiff sustained in a motor vehicle accident on November 4, 2003. Defendant appeals from the judgment entered upon that verdict. After reviewing the record in light of the contentions advanced on appeal, we have concluded the judgment must be reversed and the matter remanded for a new trial.
The accident occurred in the early evening of November 4, 2003. Plaintiff was stopped in the line of traffic at a red light when he was struck in the rear by a vehicle driven by defendant. Defendant conceded liability, and the matter was tried on the question of damages only.
Plaintiff did not immediately seek medical care or treatment. Approximately two weeks after the accident, he came under the care of a chiropractic physician, Doctor Lang. He related the happening of the accident, the aggravation of a pre-existing condition in his left hip and pain in his lower back. Dr. Lang began a course of treatment that provided only temporary relief. Dr. Lang referred plaintiff for MRIs, which revealed a herniated disc in plaintiff's lower back. When plaintiff did not achieve substantial relief through the chiropractic treatments, Dr. Lang referred plaintiff to a medical doctor, who twice gave plaintiff a cortisone injection in his hip and once gave him an epidural injection in his lower spine.
Plaintiff was thirty-five years old at the time of the accident and lived a physically active lifestyle. He played ice hockey and roller hockey, coached an ice hockey team, skied, played golf and hiked. He said that after the accident he no longer engaged in those activities because of the pain he experienced.
The trial was brief. Plaintiff testified, and presented two experts, Dr. Lang and David Weiss, D.O. Dr. Weiss testified that plaintiff's herniated disc was a proximate result of the automobile accident. Defendant presented Robert Bercik, M.D., who agreed that plaintiff had a herniated disc but testified that it was the result of plaintiff's degenerative disc condition and was not related to the accident.
Dr. Bercik also testified that in his opinion plaintiff's complaints did not correlate *767 with the MRI. He noted in this regard that the herniation revealed on the MRI was to the right side, while plaintiff's complaints of pain and limitation appeared to be limited to his left side. He also noted that plaintiff did not make any complaints of tingling or numbness or display any limitation in his reflex reactions.
After the close of evidence, plaintiff, relying on Pardo v. Dominguez, 382 N.J.Super. 489, 889 A.2d 1099 (App.Div.2006), requested the trial court to instruct the jury that a herniated disc constitutes a permanent injury. Defendant objected, but the trial court, after argument, agreed to do so. It included the following remarks within its charge:
In order to recover damages in this case, plaintiff must prove ... by a preponderance of the evidence that he sustained permanent injury with a reasonable degree of medical probability. In this case the plaintiff alleges that he suffered a permanent injury as a result of the motor vehicle accident. An injury shall be considered permanent when the body part, or organ, or both, has not healed to function normally and will not heal to function normally ... with further medical treatment. In this matter, if you find that the accident was a substantial factor in causing a herniated disc in the lumbar spine at L5-S1, if you decide that there is a herniation that was caused by this accident, then that is a permanent injury under the statute, and Mr. Ames would be entitled to non-economic damages. If, however, in this matter you do not find this accident was a substantial factor in causing the herniated disc in the lumbar spine at L5-S1, if you decide that there is a herniation but that it was not caused by the accident, then Mr. Ames would not be entitled to non-economic damages.
We are satisfied the trial court erred when it gave such an instruction to the jury.
In our judgment, plaintiff and the trial court give too broad a reading to our opinion in Pardo v. Dominguez, supra. That case must be analyzed in the context in which it arose. The plaintiff in Pardo sued for injuries she alleged she sustained in an automobile accident, and the defendant moved for summary judgment, contending that her injuries were insufficient to satisfy the verbal threshold. Pardo, supra, 382 N.J.Super. at 490, 889 A.2d 1099. The plaintiff opposed the motion, pointing to, among other items, a herniated disc diagnosed through an MRI. Ibid. The trial court nonetheless granted the defendant's summary judgment motion and the plaintiff appealed.
We reversed for two reasons, primarily because the trial court did not give any statement of reasons for its "conclusion that there was no `objective credible evidence of a serious permanent injury....'" Id. at 491, 889 A.2d 1099. We also noted that the "finding of the herniated disc satisfied the threshold." Id. at 492, 889 A.2d 1099.
Our conclusion in Pardo that the existence of a herniated disc, demonstrated through an MRI, is sufficient to satisfy the verbal threshold for purposes of a motion for summary judgment is not the equivalent of a holding that the existence of a herniated disc caused by an accident entitles one to an award of damages at trial.
The analysis which goes into those two questions is entirely distinct. In Pardo, we dealt with an appeal from a grant of summary judgment. In considering a request for summary judgment, the trial court, as is well-settled, "must accept as true the evidence supporting [the party opposing the motion] and accord that party the benefit of all favorable inferences." Gen. Elec. Capital Auto v. Violante, 180 N.J. 24, 28, 848 A.2d 732 (2004).
In this matter, however, the question was presented in the context of a trial at *768 which plaintiff was required to prove, by a preponderance of the credible evidence, that he had suffered a permanent injury. That permanency, moreover, had to be established within the framework of N.J.S.A. 39:6A-8, which provides that an injury "shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment."
Plaintiff sought to bolster through his cross-examination of Dr. Bercik his claim that he had suffered a permanent injury. The following exchange occurred during that cross-examination:
Q. Is a herniation a permanent injury?
A. Probably.
Q. Okay. So you would agree that a herniation is a permanent injury?
A. Yes.
Q. Okay. And we're clear on that. Herniation means permanent, correct?
A. I wouldn'twell it's a normal condition of aging, just as my hair turned gray. So if you want to say that's a permanent condition, the answer is yes.
Q. Here's my question. Will it return to functional normalcy?
A. Functional normalcy. Yes, probably.
Q. Will the herniation go back?
A. Probably not.
Dr. Bercik clearly testified that although the disc would not return to its original position in plaintiff's spine, it would function normally. In his testimony, Dr. Bercik drew a distinction between a permanent condition and a permanent injury. He agreed that the herniated disc presented a permanent condition. He did not agree that it presented a permanent injury. This testimony presented a factual question which the jury had to resolve as to whether plaintiff had suffered a permanent injury under the statute.
The trial court by its instruction, however, took this question away from the jury and ruled that plaintiff's injury was permanent as a matter of law. This was error and entitles defendant to a new trial.
Because we have concluded that defendant is entitled to a new trial, it is unnecessary for us to consider his remaining contentions. His argument, for instance, that the verdict sheet was confusing for its failure to distinguish between plaintiff's complaint with respect to his hip and his complaint with respect to his herniated disc is, for all intents, moot in light of our conclusion that the trial court was incorrect in its treatment of plaintiff's claim of a herniated disc. The same is true with respect to defendant's other contention, that the verdict was excessive.
Reversed and remanded.