**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4419-17T4
                  A-4547-17T4

KENNETH McDONALD,
Principal by his Attorney-in-Fact,
MARY GILYARD,

        Plaintiffs,

v.

MANUEL PARADA, NATIONAL
RETAIL SYSTEMS, INC.,
KEYSTONE FREIGHT
CORPORATION, NATIONAL RETAIL
TRANSPORTATION, INC., AGF
MARINE CONSULTANTS, INC.,
MARK ANDERSON, and MHP
TRUCKING, LLC,

        Defendants,

and

INTERPOOL, INC., d/b/a TRAC
INTERMODAL, INC., and
TRAC LEASE, INC.,

          Defendants/Third-Party
          Plaintiffs-Respondents,

v.

HARTFORD FIRE INSURANCE
COMPANY, ACE AMERICAN
INSURANCE COMPANY,
and HANOVER INSURANCE
COMPANY,

      Third-Party Defendants,

and

DARWIN NATIONAL ASSURANCE
COMPANY,

      Third-Party Defendant-
      Appellant,

and

AMERICAN MARITIME SERVICES OF
NJ, INC. d/b/a INTEGRATED
INDUSTRIES CORPORATION,
and GARDEN STATE INTERMODAL
REPAIR,

      Defendants/Third-Party
      Plaintiffs,

v.

DARWIN NATIONAL ASSURANCE
COMPANY/ALLIED WORLD, MARKEL
INSURANCE COMPANY, EVANSTON
INSURANCE COMPANY,
NAVIGATORS INSURANCE
COMPANY, JBL TRINITY GROUP
LTD., and CAPACITY MARINE

CORPORATION,

     Third-Party Defendants.

_____

KENNETH McDONALD,
Principal by his Attorney-in-Fact,
MARY GILYARD,

     Plaintiffs,

v.

MANUEL PARADA, NATIONAL
RETAIL SYSTEMS, INC., KEYSTONE
FREIGHT CORPORATION, NATIONAL
RETAIL TRANSPORTATION, INC.,
AGF MARINE CONSULTANTS, INC.,
MARK ANDERSON, and MHP
TRUCKING, LLC,

     Defendants,

and

INTERPOOL, INC., d/b/a TRAC
INTERMODAL, INC., and TRAC LEASE,
INC.,

     Defendants/Third-Party
     Plaintiffs,

v.

HARTFORD FIRE INSURANCE
COMPANY, ACE AMERICAN
INSURANCE COMPANY, DARWIN
NATIONAL ASSURANCE

COMPANY, and HANOVER
INSURANCE COMPANY,

      Third-Party Defendants,

and

AMERICAN MARITIME SERVICES OF
NJ, INC. d/b/a INTEGRATED
INDUSTRIES CORPORATION,
and GARDEN STATE INTERMODAL
REPAIR,

      Defendants/Third-Party
      Plaintiffs-Appellants,

v.

DARWIN NATIONAL ASSURANCE
COMPANY/ALLIED WORLD, MARKEL
INSURANCE COMPANY, EVANSTON
INSURANCE COMPANY,
NAVIGATORS INSURANCE
COMPANY, JBL TRINITY GROUP
LTD., and CAPACITY MARINE
CORPORATION,

      Third-Party Defendants-
      Respondents.

_____

Argued September 11, 2019 – Decided October 2, 2019

Before Judges Haas, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law
Division, Middlesex County, Docket No. L-0208-14.

A-4419-17T4

Charles Dewey Cole, Jr. argued the cause for appellant Darwin National Assurance Company in A-4419-17 (Newman Myers Kreines Gross Harris, attorneys; Charles Dewey Cole, Jr., on the briefs).

John J. Levy argued the cause for respondents Interpool, Inc., TRAC Intermodal, Inc. and TRAC Lease, Inc., in A-4419-17 (Montgomery, McCracken, Walker & Rhoads, LLP, attorneys; Gerald J. Corcoran and Alexandra S. Jacobs, on the brief).

Joseph J. Perrone argued the cause for appellant American Maritime Services of NJ, Inc., d/b/a Integrated Industries, in A-4547-17 (Giuliano McDonnell & Perrone, LLP, attorneys; Joseph J. Perrone, Kevin P. Albertson, and Matthew M. Gorden, on the briefs).

Paul Piantino III argued the cause for respondent Evanston Insurance Company in A-4547-17 (White and Williams, LLP, attorneys; Paul Piantino III and James R. Hearon, on the brief).

Debra Miller Krebs argued the cause for respondent JBL Trinity Group, Ltd. in A-4547-17 (Keidel, Weldon & Cunningham, LLP, attorneys; Debra Miller Krebs, on the brief).

PER CURIAM

In these appeals, calendared back-to-back and consolidated for the purpose of issuing a single opinion, we review the motion judge's January 20, 2017 omnibus order denying a motion for summary judgment filed by defendant/third-party plaintiff American Maritime Services of NJ, Inc. d/b/a

Integrated Industries (AMS), seeking a declaration of coverage from third-party defendant Evanston Insurance Company (Evanston), one of AMS's insurance providers, for a personal injury action brought by plaintiff Kenneth McDonald. AMS also appeals from a February 17, 2017 order granting a motion filed by its insurance broker, third-party defendant JBL Trinity Group, Ltd. (JBL), to dismiss AMS's third-party complaint for failure to file an affidavit of merit (AOM) pursuant to N.J.S.A. 2A:53A-27.

Separately, third-party defendant Darwin National Assurance Company (Darwin) appeals from the January 20, 2017 omnibus order denying its motion for summary judgment, seeking a declaration that it was not obligated to defend and indemnify defendants/third-party plaintiffs Interpool, Inc. d/b/a TRAC Intermodel, Inc. and TRAC Lease, Inc. (TRAC) in the personal injury action. Darwin also appeals from an April 27, 2018 order determining Darwin failed to comply with the January 20, 2017 omnibus order and awarding defense fees and costs to TRAC as a result.

We reverse and remand all orders on appeal because the motion judge failed to make the required findings of facts and conclusions of law necessary for our review.

A-4419-17T4

We provide a brief factual background to give context to the matters on appeal. Plaintiff suffered personal injuries when he was struck by a wheel that disengaged from a chassis. The chassis was attached to a tractor trailer truck owned by defendant National Retail Transportation, Inc. (NRT).

The chassis was owned by TRAC. TRAC leased its chassis to NRT. NRT placed a cargo container on the leased chassis and attached the chassis to its tractor trailer truck. An employee of NRT, defendant Manuel Parada, was driving the tractor trailer truck at the time of the accident.

AMS maintains and repairs chassis. AMS surveyed TRAC's chassis in accordance with a written maintenance and repair agreement less than a month before plaintiff's accident.

Plaintiff filed a negligence claim against several defendants. In turn, various defendants filed third-party complaints.

In its third-party complaint, AMS sued its primary insurance carrier, Darwin, and its excess insurance carrier, Evanston, seeking a coverage determination that AMS was entitled to defense and indemnification from the

insurance companies for plaintiff's claims. Darwin and Evanston denied coverage.[1]

In the event there was no coverage available to AMS under the insurance policies, AMS also filed a third-party claim against its insurance broker, JBL, alleging negligence for failing to procure proper insurance coverage for AMS.

AMS moved for summary judgment against Evanston. Evanston filed a cross-motion for summary judgment seeking a declaration that its policy did not cover AMS and there was no obligation to defend or indemnify AMS for plaintiff's personal injury action. The motion judge denied AMS's motion and granted Evanston's cross-motion. The judge concluded AMS was barred from coverage under the auto exclusion in Evanston's policy.

JBL filed a motion to dismiss AMS's third-party complaint, claiming AMS failed to serve an AOM. The trial court granted JBL's motion, finding an AOM was required.

TRAC also filed a third-party complaint against various defendants. TRAC sought a judicial determination that it was entitled to defense and indemnification from Darwin for plaintiff's personal injury action.

---

[1] Eventually, Darwin agreed to defend and indemnify AMS under a reservation of rights.

Darwin filed a motion for summary judgment seeking a declaration that its policy did not apply to TRAC and there was no obligation to defend or indemnify TRAC. TRAC cross-moved for summary judgment. The trial court denied Darwin's motion and granted TRAC's cross-motion, concluding TRAC was entitled to coverage under Darwin's insurance policy. Despite the court's order, Darwin failed to provide coverage to TRAC.

Plaintiff subsequently settled his personal injury action. TRAC then moved for judgment against Darwin seeking litigation fees and costs associated with defending plaintiff's personal injury claim and pursuing its coverage claim against Darwin. A different motion judge granted TRAC's motion, finding Darwin failed to comply with the January 20, 2017 omnibus order and awarding litigation costs and attorney's fees to TRAC.

On appeal, Darwin and AMS repeat the arguments presented to the trial court. However, the motion judge failed to set forth findings of fact and conclusions of law to allow our review of the issues presented in these appeals.

Pursuant to <u>Rule</u> 1:7-4(a), "the court shall . . . find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" <u>See</u> <u>Allstate Ins. Co. v. Fisher</u>, 408 N.J. Super. 289, 300-01 (App. Div. 2009). The absence of an adequate expression of a trial

judge's rationale "constitutes a disservice to the litigants, the attorneys, and the appellate court." Curtis v. Finneran, 83 N.J. 563, 569-70 (1980).

The parties suggest we discern the judge's factual findings and legal conclusions based on the lengthy colloquy among the judge and counsel during oral argument on the motions. However, a judge's colloquy during a motion hearing is not a substitute for the judge's obligation to articulate findings of fact and conclusions of law. Pardo v. Dominquez, 382 N.J. Super. 489, 492 (App. Div. 2006) (rejecting "the suggestion that a judge's comment or question in a colloquy can provide the reasoning for an opinion which requires findings of fact and conclusions of law.").

"[O]ur function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 302 (App. Div. 2018). The parties and the court cannot properly function or proceed without some understanding of why a judge has made a particular ruling.

The rendering of factual findings and legal conclusions flowing from such findings is tasked to the motion judge. While appellate courts exercise de novo review of a trial court's decision to grant or deny a motion for summary

judgment, we are not compelled to delve into the record and make findings of fact. We should not guess or assume what the judge might have been thinking.

Without adequate findings of fact and legal conclusions, we are constrained to reverse and remand the matters to the trial court. Given our determination to remand, we decline to address the merits of the issues raised in these appeals.

Within forty-five days of the date of this opinion, the motion judge shall consider appellants' contentions and provide the requisite findings of fact and conclusions of law on all issues raised in appellants' briefs. We do not suggest the outcome of the motions.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

11