**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4197-18T3

ESTATE OF ANDREW
MURNIEKS by Administrator
Ad Prosequendum, RENEE
MURNIEKS, and RENEE
MURNIEKS, individually,

  Plaintiffs-Appellants,

v.

STATE OF NEW JERSEY,
SOUTH BRUNSWICK
TOWNSHIP POLICE
DEPARTMENT, OLD BRIDGE
TOWNSHIP POLICE
DEPARTMENT,

  Defendants,

and

MIDDLESEX COUNTY
PROSECUTOR'S OFFICE
and BRYAN DOEL,

  Defendants-Respondents.

Argued September 23, 2020 – Decided  October 23, 2020

Before Judges Fuentes, Whipple and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6227-14.

Marc Adam Brotman argued the cause for appellants (Pellettieri Rabstein & Altman, attorneys; Douglas S. Grossbart, on the brief).

Bryan Edward Lucas, Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Daniel M. Vannella, Assistant Attorney General, on the brief).

PER CURIAM

Andrew Murnieks was fatally shot by police in his home in South Brunswick hours after officers responded to his mother Renee's[1] call for assistance. Pertinent to this appeal, Renee, individually and on behalf of Andrew's estate, filed a wrongful death action against defendants Middlesex County Prosecutor's Office (MCPO) and Bryan Dole, an Old Bridge police officer assigned to the Middlesex County Special Operations Emergency

---

[1] Because the parties share the same surname, we use first names for clarity. We mean no disrespect in doing so.

Response Team (SORT). The Estate also asserted a negligent supervision and training claim against the MCPO.[2]

At the close of discovery, defendants moved for summary judgment, claiming they were entitled to immunity under section 3-3 of the Tort Claims Act (TCA or Act), N.J.S.A. 59:1-1 to 59:12-3, because their actions were either objectively reasonable or performed in subjective good faith. Following oral argument, the motion court reserved decision. Twelve days later, the court issued an oral decision, accompanying its March 13, 2019 order, which granted defendants' motion, thereby dismissing plaintiffs' complaint against defendants in its entirety. This appeal followed.

On appeal, plaintiffs urge us to reverse, initially asserting the motion court failed to comply with Rules 1:7-4, 2:5-1(b), and 4:46-2(c). Plaintiffs also raise substantive challenges to the court's decision, contending genuine issues of fact precluded summary judgment. Plaintiffs further posit that the court erroneously rejected their negligent supervision and training claim, reprising their argument that such claims do not implicate N.J.S.A. 59:3-3. Because the motion court's

---

[2] Plaintiffs also sued the State of New Jersey, South Brunswick Township Police Department [SBTPD], and Old Bridge Police Department [OBPD]. Plaintiffs' claims against the SBTPD and OBPD were dismissed on summary judgment; plaintiffs dismissed their claims against the State voluntarily.

A-4197-18T3

conclusory factual findings and legal conclusions fall short of those required to allow us to review the reasons for the court's decision, we reverse and remand for further proceedings.

## I.

In a terse oral decision, spanning nine transcript pages, the motion court recited the following facts, without commenting whether they were disputed by the parties[3]:

> [Andrew] had been diagnosed with schizophrenia. On the date of the incident, [Renee] discovered that [Andrew] had stopped taking his medication and called her other son, who then called the police.
>
> Several [SBTPD] officers arrived at [Renee]'s house, and the situation escalated.
>
> On November 20, 2013, [Renee] noticed that [Andrew] had not been taking his medication. [Renee] decided [Andrew] needed to go to the hospital and spoke with her other son, Eric, who advised [Renee] to leave the house while the police were called.
>
> At least one [SBTPD] officer responded to the scene while [Andrew] was inside and [Renee] was outside.

---

[3] The court apparently gleaned the facts from plaintiffs' responses to defendants' statement of material facts in support of their motion, omitting those facts plaintiff disputed.

[Renee] informed the [SBTPD] officer that her son needed to go to the hospital. Thereafter, an effort was made to have [Andrew] leave the house, but [Andrew] began yelling and slammed the door.

The [MCPO] was subsequently contacted, and it dispatched . . . [the] SORT. As a member of SORT, defendant Officer Bryan Doel responded to the scene.

After several hours, SORT made a decision to breach the house in an attempt to try to take [Andrew] out safely. Officer Doel was assigned to assist the breach team for the front door entry and was the first SORT member to enter the doorway. At this time, Officer Doel was involved in a physical altercation with [Andrew] where [Andrew] attempted to take Officer Doel's firearm, which was subsequently discharged striking [Andrew] in the chest.

Almost half of the court's oral decision summarized the parties' arguments. In doing so, the court recognized plaintiffs raised several bases to support their contention that material issues of fact precluded summary judgment:

[One,] there are evidentiary discrepancies relating to whether [Andrew] . . . assaulted defendant Doel or to what extent.

Two, the circumstances and manner in which defendant Doel's firearm was discharged.

Three, why defendant Doel proceeded into the residence.

Four, whether appropriate negotiations took place prior to the [MCPO]'s decision to breach the house.

Five, whether [Andrew] was threatening the officers, and to what extent.

And six, whether the use of force was objectively reasonable.

The court continued:

[P]laintiffs further argue, based on [their] own expert's opinions, that defendants' conduct was objectively unreasonable because plaintiffs allege that defendant Doel used excessive force and violated protocols when he entered the premises.

Plaintiffs also argue that . . . defendants engaged in willful misconduct, and therefore, are not immune under the [TCA].

In support of their argument, . . . plaintiffs highlight their express opinions that defendants did not follow reasonable police practices, training, and procedures.

. . . .

Further, plaintiffs argue that there remains outstanding questions of material fact relating to whether the [MCPO] is vicariously liable. . . . As defendant Doel's supervisor, plaintiffs assert that no immunity would apply for failure to supervise under Title 59.

Without citing any authority – other than a passing reference to <u>Brill v. Guardian Life Insurance Company of America</u>, 142 N.J. 520, 532 (1995) – the motion court granted defendants' motion, summarily concluding:

> This court finds that the instant motion be [sic] meritorious on the basis that . . . defendants qualify for immunity under N.J.S.A. 59:3-3 because the actions taken in this emergency situation were reasonable and performed with subjective good faith.
>
> Here the court concludes that . . . defendants' actions were objectively reasonable and therefore qualify for immunity under the statute.

II.

Pursuant to <u>Rule</u> 1:7-4(a), "the court shall . . . find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" <u>See also</u> <u>Allstate Ins. Co. v. Fisher</u>, 408 N.J. Super. 289, 300-01 (App. Div. 2009). As our Supreme Court has long recognized, the absence of an adequate expression of a trial judge's rationale "constitutes a disservice to the litigants, the attorneys, and the appellate court." <u>Curtis v. Finneran</u>, 83 N.J. 563, 569-70 (1980) (citations and quotation marks omitted). Moreover, "naked conclusions do not satisfy the purpose of <u>R[ule]</u> 1:7-4." <u>Id.</u> at 570. "Rather, the trial court must state clearly its factual findings and correlate them with the relevant legal conclusions" as required by the <u>Rule</u>. <u>Ibid.</u>

A-4197-18T3

"The absence of adequate findings . . . necessitates a reversal." Heinl v. Heinl, 287 N.J. Super. 337, 347 (App. Div. 1996).

In our review of a summary judgment decision, we are required to measure the motion court's findings and conclusions "against the standards set forth in Brill." Great Atl. & Pac. Tea Co. v. Checchio, 335 N.J. Super. 495, 498 (App. Div. 2000). Those standards are well-established: summary judgment should be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Brill, 142 N.J. at 528-29; see also R. 4:46-2(c). Issues of law are subject to the de novo standard of review, and the trial court's determination of such issues is accorded no deference. Kaye v. Rosefielde, 223 N.J. 218, 229 (2015).

Notwithstanding our de novo standard of review, "our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018) (internal citation omitted). We have recognized "[t]he duty to find facts and state conclusions of law is explicit in R[ule] 1:7-4, iterated

in connection with motions for summary judgment in R[ule] 4:46-2,[4] and mandated where there is an appeal by R[ule] 2:5-1(b).[5]" Matter of Will of Marinus, 201 N.J. Super. 329, 339 (App. Div. 1985); see also Pardo v. Dominguez, 382 N.J. Super. 489, 491-92 (App. Div. 2006) (reversing summary judgment, in part, due to the trial court's failure to provide reasons); Raspantini v. Arocho, 364 N.J. Super. 528, 533-34 (App. Div. 2003) (reversing orders granting summary judgment and denying reconsideration "to ensure that the parties and, in the event of a further appeal, the court may have the benefit of findings of fact and conclusions of law consistent with our analysis of the applicable rules").

On the current record, we cannot discern from the motion court's terse oral decision the bases for its determination to grant defendants' motion. The court failed to correlate its factual findings with its naked conclusion of law, or otherwise explain its decision. That decision is devoid of any citation to, and analysis of the governing law. Moreover, the court dismissed plaintiffs'

---

[4] Rule 4:46-2 requires the trial court to "find the facts and state its conclusions in accordance with R[ule] 1:7-4."

[5] Under Rule 2:5-1(b), the trial court may amplify its reasons within fifteen days of the appeal; the motion court did not do so here. See Allstate, 408 N.J. Super. at 300.

A-4197-18T3

negligent supervision claim without any factual findings or conclusions of law whatsoever. Thus, there is nothing for us to review.

Under the circumstances presented, we have no alternative but to reverse the motion court's order and remand this matter for further proceedings. In doing so, we do not suggest a preferred result, but only that the court reconsider the matter and fulfill its duty to the parties to fully address the factual and legal arguments presented in this case. The court's decision should include detailed findings of fact, correlated to comprehensive conclusions of law, addressing all issues raised by the parties. By discharging its duty in this regard, the court will ensure that "the litigants have been heard and their arguments considered. Justice requires no less." Bailey v. Bd. of Review, 339 N.J. Super. 29, 33 (App. Div. 2001).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4197-18T3