**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2649-22

SADDLEWOOD COURT, LLC,

    Plaintiff-Appellant,

v.

CITY OF JERSEY CITY, LENNAR
MULTIFAMILY COMMUNITIES,
and LMC LAUREL-SADDLEWOOD
HOLDINGS, LLC,

    Defendants-Respondents,

and

JERSEY CITY REDEVELOPMENT
AGENCY,

    Defendant.

_____

Argued October 15, 2024 – Decided August 1, 2025

Before Judges Sabatino, Gummer, and Jacobs.

On appeal from the Superior Court of New Jersey, Law
Division, Hudson County, Docket No. L-2638-21.

Michael C. Klauder argued the cause for appellant (Cole Schotz, PC, attorneys; Joseph Barbiere and Michael C. Klauder, of counsel and on the briefs).

Philip S. Adelman, Assistant Corporation Counsel, and Michael A. Kaplan argued the cause for respondents (Brittany Murray, Acting Corporation Counsel, attorney for respondent City of Jersey City; and Lowenstein Sandler, LLP, attorneys for respondents Lennar Multifamily Communities and LMC Laurel-Saddlewood Holdings, LLC; Christopher S. Porrino, Michael A. Kaplan and Philip S. Adelman, on the joint brief).

PER CURIAM

Plaintiff Saddlewood Court, LLC appeals from an order dismissing its complaint without prejudice and a subsequent order denying its motion to reinstate part of its complaint and dismissing the complaint with prejudice. Because the entire controversy doctrine bars this action, we affirm both orders.

I.

This appeal is not the first time plaintiff has been before this court about the Jersey City property at issue. See Saddlewood Court, LLC v. Jersey City, No. A-2665-20 (App. Div. Nov. 2, 2022) (Saddlewood I).[1] The property at issue

---

[1] Rule 1:36-3 expressly permits citation to unpublished opinions "to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law." See also Zahl v. Eastland, 465 N.J. Super. 79, 86 n.1 (App. Div. 2020).

is designated on tax maps as Block 11501, Lots 1 through 39 (the Block), consisting of thirty-eight lots containing three-story townhouses and one lot containing a park. Id. at 2-3. The lots front two cul-de-sacs, Laurel Court and Saddlewood Court. Id. at 3. Plaintiff owns Lot 19, which is located on Saddlewood Court. Ibid.

On February 13, 2020, the City Council conducted a public hearing on the Planning Board's recommendation the Council designate the Block as an area in need of redevelopment. At that hearing, the only member of the public who spoke in opposition to the recommendation was Eyal Shuster, plaintiff's managing member and a self-described "developer." During that hearing, Shuster stated:

> Good evening, everyone. My name is Eyal Shuster. I'm a Jersey City developer for over twenty years, and a resident for over fifteen years, raising my four kids in Jersey City.
>
> In 2004, we had approached the Saddlewood Court neighbors and came with an idea of assembling the houses in order to develop the property. Needless to say that we are in support of the future development and fully onboard of the proposed affordable <u>and school that is proposed by the City</u>. <u>The school was our idea</u>.
>
> It is also important to say that we are always willing and able to pay whatever was the negotiated price with the homeowners. There were many developers that came and left. We stayed.

Unfortunately, the City proposed a resolution that include[s] the right to condemn my property. Jersey City is unfairly and illegally . . . partner[ing] with a developer against a local developer. This local developer is me. And I employ in our office, right across the street from there, over 100 people in the office. There are an additional 250 people that are employed due to our business in Jersey City indirectly. By the way, more than fifty percent of those employees that are in my office are Jersey City residents.

. . . .

There are three reasons why we are opposing this resolution. One, the City is unfairly and illegally favoring a competing developer and assisting its interference with our six-years effort to develop Saddlewood Court.

Two, with your vote today, you are not condemning my property; you are condemning my livelihood, and with that, the livelihood of over 100 people that are working in my office, and many of which are Jersey City residents.

Three, with this vote today, you are setting a precedent and changing the Jersey City development landscap[e] forever by making it unleveled and politicized.

The final and between private and public is brutally broken today, and the City is interfering in an arms-length transaction that needs to be done between two business partners.

I'm asking you again to postpone the vote so that the parties can come into agreement, and the City of

4

Jersey City stay out of this matter. The city is not a developer. . . .

[(Emphasis added).]

The Council subsequently adopted Resolution No. 20-103, designating the Block as "an Area in Need of Redevelopment with the Power of Condemnation" pursuant to the Local Redevelopment and Housing Law (LRHL), N.J.S.A. 40A:12A-1 to -89.

On March 16, 2020, plaintiff filed a complaint in lieu of prerogative writs against Jersey City and its City Council and Planning Board, alleging they had acted arbitrarily, capriciously, and unreasonably in declaring the Block a "condemnation area in need of redevelopment" under the LRHL. Plaintiff sought a declaration that Resolution No. 20-103 was null and void. After conducting a trial by summary proceeding, the trial court issued a written opinion rejecting plaintiff's claims and, on March 4, 2021, an order dismissing the complaint in its entirety.

Plaintiff moved for reconsideration of that order pursuant to Rule 4:49-2 and for leave to amend the complaint due to purportedly newly-discovered evidence pursuant to Rule 4:9-1. In support of its motion, plaintiff submitted Shuster's certification. We described that certification as follows:

5

A-2649-22

Shuster certified that sometime in February or March 2021, a representative of Lennar Multifamily Communities, LLC (Lennar), after making a "low ball proposal" for plaintiff's property, had "made clear that if [plaintiff] did not agree to sell that [it] would lose the property through the redevelopment process" and had stated "the City had promised and guaranteed Lennar, well before the redevelopment process began, that the properties would be blighted and that Lennar would be designated as the redeveloper." He further certified Lennar's representative had told him "Lennar had promised the City a new school if the City would agree to blight the . . . Block" and that "'this is the way things are done in New Jersey,' and made clear that one hand washes the other." According to Shuster, Lennar's representative later stated, "there were 'incentives' for Lennar and for [the representative] personally if [plaintiff's] Property could be acquired before the redevelopment process was final."

[Saddlewood I, slip op. at 11 (alterations in original).]

We described plaintiff's proposed amended complaint as follows:

Plaintiff proposed amending its complaint by adding allegations based on the information contained in Shuster's certification and a new "bad-faith" count, in which plaintiff contended "[t]he City's 'blight' finding and concomitant exercise of its eminent domain power were undertaken in bad-faith, for an improper motive, and constitute a manifest abuse of the power of eminent domain."

[Id. at 11-12 (alteration in original).]

In an April 30, 2021 order, the trial court denied the motion, finding "insofar as the court's March 4, 2021 order was not based on the failure to consider evidence

6

or plainly incorrect reasoning" and "this case is closed per [the trial judge's] letter of opinion."

Plaintiff appealed the March 4, 2021 and April 30, 2021 orders, arguing the trial court had erred in finding the record contained substantial credible evidence to support the City's blight designation under N.J.S.A. 40A:12A-5 and in denying plaintiff leave to amend the complaint. Id. at 12.

While that appeal was pending, plaintiff on July 2, 2021, filed in the Law Division a complaint in lieu of prerogative writs, initiating the case that is the subject of this appeal. In that complaint, plaintiff named as defendants Jersey City, the Jersey City Redevelopment Agency (the Agency), Lennar Multifamily Communities (Lennar), and LMC Laurel-Saddlewood Holdings, LLC (LMC). Lennar is the sole member and owner of LMC. We refer to Lennar and LMC collectively as the Lennar defendants.

In the new complaint, plaintiff made many of the same factual allegations it had made in the proposed amended complaint in the original action. In addition to alleging "Lennar's back room promise to develop a multi-million dollar school for the City" had caused the City Council to adopt Resolution No. 20-103, plaintiff claimed that purported promise also caused the Agency on May 18, 2021, to adopt Resolution No 21-05-12, designating LMC as the redeveloper

of the Block. Plaintiff pleaded four causes of action. In the first count, plaintiff sought to declare Resolution No. 20-103 null and void, claiming the City had acted in bad faith when it designated the Block as a condemnation area in need of redevelopment. In the second count, plaintiff sought to declare Resolution No. 21-05-12 null and void, claiming the Agency had acted in bad faith when it designated LMC as the redeveloper. In the third count, plaintiff alleged the City and the Lennar defendants had participated in a civil conspiracy and sought to declare Resolution No. 21-05-12 null and void. In the fourth count, plaintiff sought a declaration that the May 26, 2021 redevelopment agreement between the Agency and LMC be declared null and void as against public policy and law. In the Rule 4:5-1(b)(2) certification attached to the complaint, plaintiff's counsel certified "the foregoing matter in controversy is not the subject of a pending action . . . ."

Jersey City and the Lennar defendants moved to dismiss the complaint pursuant to Rule 4:6-2(e), arguing plaintiff's case was barred by res judicata, collateral estoppel, or the entire controversy doctrine. Plaintiff opposed the motions. After hearing argument, the court denied the motions in two orders dated November 18, 2021. In a case management conference it conducted the same day it issued the orders, the court advised the parties it was denying the

motions without prejudice and giving the parties the opportunity to conduct "limited discovery . . . on the issues raised in the motion[s]."  The court explained, "[t]he real question that we have to address . . . [i]s [whether] the plaintiff [is] barred because of the entire controversy doctrine from even making these arguments."  The court described the focus of the discovery as being on "what plaintiff knew, when he knew it."

During the limited discovery period, plaintiff produced documents and Shuster was deposed.  In addition, in a March 18, 2022 letter, the Agency's counsel advised plaintiff's counsel:

> The Redevelopment Agreement . . . at issue in this matter has expired as per its terms pursuant to Section 11.02 as of February 28, 2022.  Pursuant to the Agreement, no further action needs to be taken by the . . . Agency and the previously adopted resolution designating the [r]edeveloper is now moot.

On April 18, 2022, the court entered a consent order signed by counsel for each party dismissing with prejudice the second and fourth counts of the complaint and dismissing the Agency from the case based on the termination of the redevelopment agreement.  In whereas clauses in the order, defendants confirmed the redevelopment agreement had been terminated by its terms and that LMC, or any entity associated with Lennar, was no longer the designated redeveloper.

A-2649-22

On May 13, 2022, Jersey City and the Lennar defendants jointly moved to dismiss the complaint pursuant to Rule 4:6-2(e) and Rule 4:69-6 or, in the alternative, for summary judgment. They again argued, among other things, plaintiff's case was barred by res judicata, collateral estoppel, or the entire controversy doctrine.

After hearing argument, the court granted the motion and dismissed the complaint "without prejudice pending the results of the Appellate Division." The court explained:

> So if the Appellate Division rules on a strict procedural rule that [the trial court] was correct, there was no open case; therefore, the second case couldn't be filed, then after that decision the plaintiff can refile a second complaint and can come in front of the court on that bad faith argument only.
>
> Now if the Appellate Division rules that [the trial court] was correct, . . . the motion to amend the . . . complaint was properly denied for some other reason, well then the plaintiff will be barred from filing the second complaint.
>
> So that's the reason why I'm doing it. So since that issue is up on appeal in front of the Appellate Division, I am buying the movant's argument that I don't have any jurisdiction at this time on this complaint to let this case proceed. We have to wait to see what the Appellate Division will do.

10

The court entered an order on July 8, 2022, dismissing the complaint without prejudice.

On November 2, 2022, we issued our opinion in Saddlewood I, affirming both the order dismissing the complaint and the order denying leave to amend the complaint. Saddlewood I, slip op. at 22. Regarding the order denying leave to amend, we held:

> In addition to being untimely, plaintiff's motion lacked merit. The premise of plaintiff's proposed amended complaint was the alleged agreement by the City to blight the Block in exchange for Lennar's promise to build a new school. Plaintiff contends its motion was based on "newly-discovered evidence." Yet, during the Council's February 13, 2020 public hearing, Shuster, plaintiff's managing member, acknowledged and took credit for the proposed construction of the school: "we are in support of the future development and fully on board of the proposed affordable [housing] and school that is proposed by the City. The school was our idea." During that hearing, Shuster also asserted "the City is unfairly and illegally favoring a competing developer . . . ." Even though its managing member was aware of the school construction and the alleged illegal "favoring" of a competing developer, plaintiff chose not to include a bad-faith claim in its complaint and inexplicably waited until after the trial judge had rendered a verdict to seek leave to add a claim based on those allegations.
>
> [Id. at 21-22.]

Plaintiff did not petition the Supreme Court for certification or otherwise challenge Saddlewood I.

Nearly three months after we had issued our opinion, plaintiff moved to reinstate the first and third counts of its 2021 complaint.[2] Plaintiff's counsel asserted our affirmance of the order denying leave to amend was "based on procedural grounds" and, characterizing our decision as "an unpublished Appellate Division decision in a totally different case," argued our decision was not binding on the trial court. The trial court rejected those arguments as well as counsel's assertion the trial court had to grant plaintiff's motion to reinstate due to factual findings he claimed the court had made during the argument on defendants' latest motions to dismiss. The court denied it had made binding factual findings: "My intention was to say, that if [the case] were brought to me in a valid second complaint I will make certain factual findings . . . ." The court denied the motion and dismissed the case with prejudice, explaining: "I only

---

[2]  In the third count of the 2021 complaint, plaintiff alleged the City and the Lennar defendants had participated in a civil conspiracy and sought to declare Resolution No. 21-05-12, the resolution that designed LMC as the redeveloper of the Block, null and void. But the resulting redevelopment agreement between the Agency and LMC had expired on February 28, 2022, under the terms of the agreement and LMC was no longer the designated redeveloper of the property. Thus, the third count already had been rendered moot by the time plaintiff moved to reinstate it.

dismissed it without prejudice because I was waiting to see if the Appellate Division would address whether it should have been raised in the first instance . . . ." The court memorialized its decision in an order it entered on March 23, 2023.

This appeal followed.

II.

We review an order on a dismissal motion de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). We also review de novo decisions regarding questions of law involving preclusionary doctrines. Walker v. Choudhary, 425 N.J. Super. 135, 151 (App. Div. 2012); Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 173 (App. Div. 2000). Under that plenary standard of review, "[w]e 'owe[] no deference to the trial court's conclusions.'" Int'l Bhd. of Elec. Workers Local 400 v. Borough of Tinton Falls, 468 N.J. Super. 214, 223 (App. Div. 2021) (second alteration in original) (quoting Gonzalez v. State Apportionment Comm'n, 428 N.J. Super. 333, 349 (App. Div. 2012)). Although "[w]e review de novo the law guiding the trial court's determination as to the entire controversy doctrine[,] . . . the decision to apply the doctrine, as an equitable principle, 'is left to judicial discretion.'" Francavilla v. Absolute Resolutions VI, LLC, 478 N.J. Super. 171, 178 (App. Div. 2024)

(quoting 700 Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 238 (App. Div. 2011)). "Thus, an abuse of discretion standard applies to our review of the decision to apply the doctrine." Ibid.

Whether to grant or deny a motion to reinstate a complaint lies within the sound discretion of the trial court. ASHI-GTO Assocs. v. Irvington Pediatrics, P.A., 414 N.J. Super. 351, 359 (App. Div. 2010); see also Weber v. Mayan Palace Hotel & Resorts, 397 N.J. Super. 257, 262 (App. Div. 2007) (applying an abuse-of-discretion standard of review when considering a trial court's decision on a reinstatement motion). "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)); see also Francavilla, 478 N.J. Super. at 178 (same).

"The entire controversy doctrine generally requires parties to an action to raise all transactionally related claims in that same action." Francavilla, 478 N.J. Super. at 178 (quoting Largoza v. FKM Real Est. Holdings, Inc., 474 N.J. Super. 61, 79 (App. Div. 2022)) (internal quotation marks omitted). That "mandate encompasses not only matters actually litigated but also other aspects

14

of a controversy that might have been litigated and thereby decided in an earlier action." Id. at 179 (quoting Higgins v. Thurber, 413 N.J. Super. 1, 12 (App. Div. 2010)). "Pursuant to Rule 4:30A, '[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine . . . .'" Ibid. "The doctrine does not, however, 'apply to bar component claims that are unknown, unarisen, or unaccrued at the time of the original action.'" Archbrook Laguna, LLC v. Marsh, 414 N.J. Super. 97, 105 (App. Div. 2010) (quoting Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 323 (1995)).

The entire controversy doctrine serves "three fundamental purposes: '(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay.'" Bank Leumi USA v. Kloss, 243 N.J. 218, 227 (2020) (quoting DiTrolio v. Antiles, 142 N.J. 253, 267 (1995)). "[B]ecause the entire controversy doctrine is an equitable principle, its applicability is left to judicial discretion based on the particular circumstances inherent in a given case." Francavilla, 478 N.J. Super. at 179 (alteration in original) (quoting Mystic Isle, 142 N.J. at 323).

A-2649-22

"The entire controversy doctrine does not require commonality of legal issues." DiTrolio, 142 N.J. at 271. The primary inquiry concerns whether both actions "arise from related facts or the same transaction or series of transactions." C.P. v. Governing Body of Jehovah's Witnesses, 477 N.J. Super. 129, 139 (App. Div. 2023) (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 109 (2019)). "The doctrine does not mandate that successive claims share common legal issues in order for the doctrine to bar a subsequent action." Dimitrakopoulos, 237 N.J. at 109. Rather, the reviewing court must determine whether the separate claims are part of a "single larger controversy because they arise from interrelated facts." Ibid. (quoting DiTrolio, 142 N.J. at 271). Thus, "[a] plaintiff bringing an action based on two distinct legal theories is required to bring those claims together in one proceeding." DiTrolio, 142 N.J. at 271.

Applying that standard, we conclude the entire controversy doctrine applies and bars this action. In both the 2020 and 2021 complaints, plaintiff alleged the City had improperly declared the property to be an area in need of redevelopment. In both complaints, plaintiff sought as relief a judgment "[d]eclaring null and void and/or vacating the City's Resolution No. 20-103

designating [the Block] as a condemnation area in need of redevelopment" and a judgment preventing the City from taking any action based on that resolution.

In the 2020 complaint, plaintiff attributed the City's improper designation of the Block to the City's "arbitrary, capricious, and unreasonable act" in adopting the Resolution. In the 2021 complaint, plaintiff attributed the improper designation to the City's "bad faith" in adopting the resolution. We reject plaintiff's argument the bad-faith and conspiracy claims were unknown to it when it filed the 2020 complaint. At the Council's February 13, 2020 public hearing about the Planning Board's recommendation the Council designate the Block as being in need of redevelopment, plaintiff's managing member spoke, referenced the "school" at issue, claiming it was "our idea," and accused the City of "unfairly and illegally . . . partner[ing] with a developer against a local developer," "unfairly and illegally favoring a competing developer," "assisting [the competing developer's] interference with [plaintiff's] six-years effort to develop Saddlewood Court," and "changing the Jersey City development landscap[e] forever by making it unleveled and politicized." If plaintiff's managing member had enough information to make those accusations at a public meeting that preceded the Council's adoption of the resolution, then plaintiff had

enough information to include bad-faith and conspiracy claims in the complaint it filed a month later seeking to declare the resolution null and void.

Plaintiff relies heavily on comments made by the trial court during oral argument of the second-round dismissal motion. That reliance is misplaced. First, we question whether the case would have proceeded to that point had plaintiff not failed to fulfill its obligation under Rule 4:5-1(b)(2). That rule requires each party to "include with the first pleading a certification as to whether the matter in controversy is the subject of any other action pending in any court," to "identify such actions and all parties thereto," and to "disclose in the certification the names of any non-party who should be joined in the action . . . ." "That disclosure requirement exists 'to implement the philosophy of the entire controversy doctrine.'" Dimitrakopoulos, 237 N.J. at 109 (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:5-1 (2019)).

In filing the 2021 complaint, in which plaintiff sought a judgment declaring Resolution No. 20-103 null and void, plaintiff's counsel certified the "matter in controversy [was] not the subject of a pending action . . . [,]" even though the appeal in Saddlewood I, in which plaintiff had sought a judgment declaring Resolution No. 20-103 null and void, was pending. In Marmo & Sons General Contracting, LLC v. Biagi Farms, LLC, 478 N.J. Super. 593, 613 (App.

18

Div. 2024), we "emphasize[d] the importance of accurate Rule 4:5-1(b)(2) certifications at the outset of a case . . . ."

Second, it is well established that a court's colloquy with counsel during oral argument is not the equivalent of the court's findings of fact or conclusions of law. See Pardo v. Dominguez, 382 N.J. Super. 489, 492 (App. Div. 2006). Whatever the court may have said during the oral argument that preceded its decision, the court ultimately rejected plaintiff's arguments and granted defendants' motion to dismiss. The court's pre-decision colloquy was not binding on the parties, the trial court, or this court. Moreover, the court rejected plaintiff's argument in its reinstatement motion that the court was bound by those prior comments and clarified the speculative and conditional nature of those comments. And even if the court had made any findings, "[i]t is well established that 'the trial court has the inherent power to be exercised in its sound discretion, to review, revise, reconsider and modify its interlocutory orders at any time prior to the entry of final judgment.'" Lombardi v. Masso, 207 N.J. 517, 534 (2011) (quoting Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 257 (App. Div. 1987)).

Finally, we conclude under the circumstances of this case, application of the entire controversy doctrine is fair, equitable, and meets the "three

19

fundamental purposes" of the doctrine. <u>Bank Leumi USA</u>, 243 N.J. at 227. Piecemeal litigation should be particularly disfavored in cases involving the redevelopment of property under the LRHL. Accordingly, we affirm the July 8, 2022 order dismissing the complaint and the March 23, 2023 order denying plaintiff's reinstatement motion.

Because we have determined the entire controversy doctrine bars this case, we do not address defendants' arguments regarding the possible application of other preclusionary doctrines. To the extent we have not expressly addressed any other arguments by plaintiff, we have considered them and conclude they are without sufficient merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division